## ABIEL STODDARD *v.* MOSES TARBELL.

A sheriff cannot excuse himself from the service of process, because it is erroneous, or irregular,—but only when it is absolutely void.

A writ, which has once been legally served, and which has then been altered, by inserting a different date and return day, without the consent of the defendant therein, is not thereby rendered void, so as to excuse the officer, who served it originally, from again making service of it, when delivered to him for that purpose, subsequent to the alteration.

TRESPASS ON THE CASE against the defendant, as constable of the town of Grafton, for neglecting to make service of process delivered to him for that purpose. Plea, the general issue, and trial by jury, May Term, 1846,—WILLIAMS, Ch. J., presiding.

On trial the defendant introduced testimony tending to prove, that on the 26th of December, 1842, he prayed out a writ of attachment against one Hains, returnable to the next term of Windham county court, to be holden on the third Tuesday of May, 1843, and delivered the same to the defendant, then constable of Grafton, to whom the writ was directed, who duly served the same by attaching certain chattels, and made his return upon the writ, and delivered the same to the plaintiff; that the plaintiff, on the 27th of December, believing that the writ was void, for the reason that the term, to which it was returnable, was therein described as being in May, when in fact it was to be holden on the second Tuesday of April then next, did, without the knowledge or consent of Hains, alter the same by erasing the words " third Tuesday of May " therefrom, and inserting the words " second Tuesday of April," and by erasing the date and inserting another and different date; that the plaintiff then caused a notice to be written, and signed the same, directed to Hains, notifying him that the suit, which had been commenced against him, was wholly discharged, and that he need not be at any farther trouble or expense in or about the same; that the plaintiff then delivered the said notice, and the writ, so altered, to the defendant, and directed him to deliver the said notice to Hains, and, as soon as Hains should have an opportunity to read it, to serve the writ, so altered, by attaching the property of Hains; that, although the defendant had sufficient time and opportunity to have so done, he omitted making any service of the writ, so altered, until after the property of Hains had been attached by another officer, at the suit of one Davis; that the property, so attached in the suit in favor of Davis, had been sold to satisfy the execution obtained in that suit; and that the plaintiff had been unable to secure his demand by any new attachment.

The defendant requested the court to charge the jury, that if they found, that the writ, which had been once served and returned by the defendant, had been altered under the circumstances above stated, the defendant was discharged from all farther· duty in the matter, and that he was not under obligation to make any new service of the writ. But the court instructed the jury, that although they might find, that the writ, when last delivered to the defendant,

Stoddard *v.* Tarbell.

was in fact the former writ, already served and returned by him, but altered in the particulars alleged, it was the duty of the defendant to have served the same, as an original writ, and that an attachment thereon would have been valid, and that, if he neglected to serve the writ, having full time and opportunity to do so, until other creditors had attached, he was liable in this action.

Verdict for plaintiff. Exceptions by defendant.

*W. C. Bradley* for defendant.

The defendant contends, that the writ, as originally made out and served, was certainly valid, and that the officer, by serving and returning the same, had created a sufficient lien upon the property attached; that the date and statement of the term of the court did not vitiate the writ, any more than it would the caption of a deposition; *Keith v. Day,* 15 Vt 660; that, however it may be tolerated before the writ is served,—*Stewart v. Riggs,* 3 Greenl. 103,—the alteration of it afterwards, in a material part, by the plaintiff alone, without the consent of the other parties interested in it, vitiated it altogether. It was in a part material; for it destroyed the recognizance,—*Starr v. Lyon,* 5 Conn. 538; *Parsons v. Ely,* 2 Ib. 377, —and falsified the return of the officer, by making it appear to have been made before the issuing of the writ. The same effect would be produced in an instrument between parties; *Pigot's Case,* 11 Co. 27; *Moore v. Buckham,* 4 Binn. 4; *Lewis v. Payne,* 8 Cow. 71; *Patchin v. Cromack,* 13 Vt. 313; and in a petition for a rail road; *Lovell v. Hodgson,* 9 Greenl. 51.

The officer was not obliged to be the agent of the plaintiff; nor to serve the writ, which he must have known was, if not a forgery, —Rev. St. 434, § 1,—at least in a different state from that in which it had been served. *Dearborn v. Twist,* 6 N. H. 46. 1 Root 250. Besides, he was interested in his original return, which constituted his defence for having taken the property, and could not be called upon to do any thing, which would appear to deprive him of the benefit of that return. *Danielson v. Andrews,* 1 Pick. 156. *Peck v. Sill,* 3 Conn. 157.

Stoddard *v.* Tarbell.

*Walker & Kellogg* for plaintiff.

We apprehend the law to be, that a sheriff, or other officer, cannot excuse himself for not serving a process, unless that process be absolutely void; that it is erroneous furnishes no excuse. *Jaques* v. *Cesar,* 2 Saund. R. 101 *g,* 2. *Albee* v. *Ward,* 8 Mass. 79. 3 U. S. Dig. 434. *Bank of Whitehall* v. *Pettes,* 13 Vt. 395. And this for a good reason,—he is protected in the service thereof. *Gage* v. *Barnes,* 11 Vt. 195. *Churchill* v. *Churchill,* 12 Vt. 661. But two objections to this writ can be urged; first, that a former suit for the same cause of action was pending. At the time the defendant undertook to serve the writ, he also undertook to serve a notice of the discontinuance of the former suit; and if the notice had been served, the first action would have been discontinued. *Hill* v. *Dunlap,* 15 Vt. 645. But the pendency of a former suit could only have been matter of abatement; 1 Chit. Pl. 443; 1 U. S. Dig. 7; and it may well be doubted, whether it was a cause of abatement, until the entry of the first action in court; *Commonwealth* v. *Churchill,* 5 Mass. 180. The second objection is, that the same writ, with slight alterations, had been once served, as the foundation of the former action. This could not make it void; the writ was regular upon its face, and the court had jurisdiction.

The opinion of the court was delivered by

HALL, J. It is well settled in England, that a sheriff cannot excuse himself from the service of process, because it is erroneous, or irregular; but that he is bound to execute it, unless it is absolutely void. The same doctrine is the law of this state. *Bank of Whitehall* v. *Pettes,* 13 Vt. 395. It is not, indeed, denied by the counsel for the defendant; but it is insisted, that the writ in this case was absolutely void. It seems difficult to maintain this proposition. The writ was in all respects regular on its face. It was apparently properly signed, properly directed, and properly returnable, and the court had jurisdiction of the subject matter and of the parties. If it were in any manner defective, the defect arose from something *dehors* the writ,—something which must be made to appear by plea and evidence. The writ would have been a perfect protection to the officer, in any legal service he might make of it; and that, upon the authorities, seems to be all the inquiry he is allowed to institute in regard

Stoddard *v.* Tarbell.

to it. There is no reason, why he should be permitted to defeat the operation of a process, by refusing to serve it for a supposed defect, which the defendant in the process might choose to waive. His business is to execute the process, not defend against it; and if he is protected against the execution of it, it is all that he can reasonably demand.

The questions, therefore, whether the alteration of the writ rendered the recognizance for costs inoperative, whether a writ, made of one which had been previously served, or the bringing, or even the pendency, of a previous suit for the same cause, might be made use of to defeat the process committed to the officer for service, would seem to be matters for the determination of the court, to which the process was returnable, and not for the decision of the officer. The defendant in the process might waive them all ; and if he did, it should not be in the power of the officer to insist upon them.

It is unnecessary for us to consider, what would have been the effect of the matters shown in this case upon the process, if they had been properly pleaded in the county court by the defendant in the writ. The right of a plaintiff to discontinue a suit before the return day of the writ has been recognized by this court. The proper mode of proceeding in such cases would doubtless be, to leave the old writ in existence and to make a new one. All that we now decide is, that the officer, who is called upon to serve the second writ, cannot make the objection, that it is the old writ altered. Whether the fact of the alteration would have availed the defendant in the suit, by way of abatement, is perhaps a different question.

The judgment of the county court is affirmed.