HON. JAMES BARRETT,
HON. BENJAMIN H. STEELE, } ASSISTANT JUDGES.
HON. JOHN PROUT,

---

## ABEL BROWN *v.* ALVIN H. MASON.

*Sheriff. Jurisdiction. Arrest. Discharge of Debtor.*

A sheriff acting under the authority of a court of limited jurisdiction having jurisdiction over the person and subject matter, is not liable for any irregularity or mistake in the exercise of that jurisdiction.

An arrested debtor having appeared before an assistant judge under the provisions of sec. 79, ch. 33, Gen. Stat., it is for the judge to pass upon the question of reasonable notice to the plaintiff; and upon proof of this notice, under an application by the defendant to appear, &c., the judge has jurisdiction of the parties as well as the subject matter, and his certificate embodying a statement of all the elements necessary to constitute the proceedings before him and his adjudication valid, and discharging the debtor, both justifies and requires the sheriff to release him.

Brown *v.* Mason.

THIS was an action against a sheriff for releasing an absconding debtor, duly arrested, in pursuance of a certificate of an assistant judge of the county court discharging the debtor. The case was referred, and the referee embraced in his report the *capias* and certificate by virtue of which the debtor was arrested, the entries by the magistrate upon the writ, the docket entries in the county and supreme courts, &c. The title of the case was *Brown* v. *McGowan.* The defendant introduced and read in evidence a written notice dated May 16th, 1868, (the defendant was arrested May 11th,) from McGowan to Brown; also a copy of the record of adjudication of Judge OAKES, which notice and record were as follows, viz:

"GRAND ISLE, May 16th, 1860.
" A. BROWN,

"SIR: I give you notice to appear before Seth Oakes, (assistant judge of Franklin county, state of Vermont,) of Bakersfield, on Thursday, May 24th, 1860, at eleven o'clock, a. m., then to substantiate your oath made before Daniel W. Gordon, April 14th, 1860, justice of the peace for the town of Grand Isle.

"WM. MCGOWAN."

CERTIFICATE OF JUDGE OAKES.

"STATE OF VERMONT, }
FRANKLIN COUNTY.      }  ss.    At Bakersfield, in said county, this 24th day of May, A. D. 1860, personally appeared the within named Wm. McGowan and submitted himself to examination on oath before me, as to the fact whether said McGowan was at the time of the service of this writ, about to abscond or remove from this state, and after proof of due notice to the adverse party, and after full hearing it was adjudged by me that the said McGowan was not at the time of the service of this precept in this case, nor is he now, about to abscond or remove from this state, and said McGowan is hereby discharged from further detention in arrest upon or under or by this process.

"S. OAKES,
" *Assistant Judge of Franklin County Court.*"

The referee found, from parol evidence introduced by both parties, without objection, that the said notice was written by McGowan,

and was delivered to Brown at his residence, in the town of Grand Isle, in due season to enable Brown to attend the hearing before Judge OAKES on the 24th of May, 1860 ; that no other notice of that hearing was given to Brown ; that he did not attend the hearing; that immediately after the order of Judge OAKES discharging Mc-Gowan from arrest, the defendant released him ; that the execution, *Brown* v. *McGowan*, was issued and delivered to the sheriff of Franklin county, who made a *nulla bona* and *non est* return thereon.

The case was heard on the report of the referee, at the August Term, 1867, STEELE, J., presiding. Judgment was rendered for the defendant to recover his costs,—to which the plaintiff excepted.

*Jeremiah French,* for the plaintiff.

The writ in the original cause of *Brown* v. *McGowan* having been properly issued as a *capias*, under the statute in reference to the arrest of absconding debtors, and McGowan having been arrested thereon by the defendant, and not having been forthcoming to be taken in execution, the defendant is, *prima facie*, liable to the plaintiff in this action, as for an escape.

The proceedings before Judge OAKES, and his certificate thereon, constitute no defence to this action. The certificate of Judge OAKES lacks one of the indispensable requisites to a good discharge, viz: that the debtor, *at the time of his arrest,* claimed the right to, and notified the officer and the plaintiff that he would, submit himself to examination, &c. Nor can this be supplied by intendment. It was a fact, the existence of which was necessary to give Judge OAKES jurisdiction in the premises, and it must appear affirmatively in the record itself.

No sufficient or legal notice was ever given to the plaintiff of Mc-Gowan's appearance or intention to appear before Judge OAKES to submit himself to examination, &c. *In Re Foot*, 31 Vt. 505. Without such notice the authority issuing the writ, or assistant judge, as the case may be, acquires *no jurisdiction* over the matter, and his adjudication cannot affect the right of the creditor.

The recital in the certificate of due notice to the adverse party is not *conclusive.*

Unless the required notice was given, the judge acquired no jurisdiction in the matter ; and this notice being a *jurisdictional fact,* and the tribunal one of inferior jurisdiction, the recital in the record or certificate of such fact is, at most, only *prima facie* evidence of its existence, and testimony to contradict it is admissible.    *Young* v. *Capen,* 7 Met. 287 ; *Putnam* v. *Langley,* 11 Pick. 487 ; *Slasson* v. *Brown,* 20 Pick. 436 ; *Flanders* v. *Thompson,* 2 N. H. 421.

If the certificate might otherwise have been conclusive, yet parol evidence to contradict it having been received without objection, it is deprived of its conclusive character now.

It may be claimed that irrespective of any question as to the regularity of the proceedings in fact, and conceding that the record is not conclusive, yet the certificate furnished a full justification to the defendant in allowing McGowan to go at large.

But regarding the proceeding before Judge OAKES as a judicial proceeding (and that view is the one most favorable to the defendant) if there had been no application made to him by McGowan according to law, the judge would have had no jurisdiction.    And so, no sufficient notice having been given to the plaintiff so that he might appear and object, and he having thereby been deprived of the rights the statute intended to secure to him, so far as he is concerned, Judge OAKES had no jurisdiction, and the proceeding was, as to him, utterly void.

And it is well settled that no decision, record or certificate of such a tribunal in a case without its jurisdiction, can protect a party who attempts to justify thereunder, no matter how regular the proceedings may appear upon their face.    *Wise* v. *Witters,* 3 Cranch, 331 ; *Thurston* v. *Martin,* 5 Mason, 497 ; *Darling* v. *Bowen,* 10 Vt. 148 ; *Nichols* v. *Walker,* Cro. Car. 394 ; *Cable* v. *Cooper,* 15 Johns. 152.

*H. R. Beardsley,* for the defendant.

The question in this case then, is this : the judge, to whom Mc-Gowan applied for the release of his body, having ordered his release from arrest, was the defendant justified in letting McGowan go at large ?

The statute gave the judge jurisdiction of the matter.    It was for

the judge to decide upon the sufficiency of the notice, and his decision upon that is conclusive. The law does not require the officer to notify the creditor, nor does it oblige the officer to see to it, that in all respects the notice is regular and sufficient. The officer has nothing to do with notice. It is for the person arrested to give the notice, and even *he* is not obliged to give notice in writing ; verbal notice is sufficient. Can it be true then, that the officer can be made responsible for the regularity of the notice ?

The defendant was not obliged to look behind the order to see that all the previous proceedings were regular. *Hathaway* v. *Holmes*, 1 Vt. 405 ; Starkie on Evidence, vol. 2, part 2, page 1022 ; *Sampson* v. *Landon*, 5 Day, 506 ; Con. Dig. page 729. *Raymond* v. *Sutherland*, 3 Vt. 494.

Chief Justice PARKER, in the case of *Banks* v. *Johnson*, 12 N. H. 445, makes a distinction between the liability of the officer, and the liability of the debtor and his sureties.

The opinion of the court was delivered by

BARRETT, J. Sec. 79, ch. 33, Gen. Stat., provides that the arrested debtor may cause reasonable notice to be given to the plaintiff that he will appear, and thereupon he may appear before one of the assistant judges, &c.

The debtor did give a notice, and in pursuance of it, he did appear before Judge OAKES, and the judge has certified the proceedings before him, and his adjudication. He was authorized to certify said proceedings. He says that " after proof of due notice to the adverse party, and after full hearing, it was adjudged," &c. For the purposes of the proceeding, it was for the judge to pass upon the question of reasonable notice. He had jurisdiction of the subject, and, on the presentation of the application, with the proof of due or reasonable notice, he had jurisdiction of the parties to every intent requisite to authorize him to proceed judicially to hear and determine the subject. This being so, his adjudication would be effective of the immediate purpose contemplated, viz : not only to justify, but to require the sheriff, on the certificate provided by law, to release the prisoner from the arrest under which he was holding him. This certificate

Brown *v.* Mason.

seems substantially to embody a statement of all the elements necessary to constitute the proceeding before him, and his adjudication valid and effectual. This brings the case fully within the law of the subject as stated by Judge STORY in *Thurston* v. *Martin*, 5 Mason, 500, "where a mere ministerial officer acts under the authority of a court, or other board or tribunal, of a limited jurisdiction, then if the act be beyond their jurisdiction, he is, or may be, liable in trespass. But when there is jurisdiction over the person and the subject matter, then he is not liable for any irregularity or mistake in the exercise of that jurisdiction."

Upon this principle, as illustrated and applied in *Raymond* v. *Sutherland*, 3 Vt. 494, we think we are warranted in holding that the defendant might act upon the adjudication of Judge OAKES, as shown by his certificate, without the peril of responsibility for impropriety or irregularity in the proceedings not apparent, and not precluding the judge from acting at all.

Judgment affirmed.