## Lucy M. Hubbard *vs.* Alonzo B. Garfield.

A tax assessed to a husband was abated by the assessors of the next year, and then reassessed by them to the wife, and added, in the presence of the collector of taxes of the previous year, to the list committed to him by the assessors of that year for collection, without making any other change in the list or his warrant. *Held*, that the assessors did not exceed their jurisdiction, and that the collector might justify her arrest on the warrant as under a process regular on its face.

Colt, J. The defendant, as collector of taxes for the town of Monterey for the year 1866, justifies the arrest of the plaintiff under a warrant, which, with the accompanying tax list, was committed to him by the assessors of that town for that year.

It appears that the tax against the plaintiff, upon which the arrest was made, was originally placed in the list to her husband, Francis A. Hubbard, (who died before this suit was begun,) and was abated by the assessors of the following year, not the same persons who constituted the previous board. The tax so abated was then assessed by the board of 1867 to the plaintiff, with the exception of that part of it which was poll tax, and in the presence of the defendant was added to the tax list then in his

hands for collection, without any other change made in the list or warrant.

The judge, upon these facts, ruled that the reassessment of the tax was invalid, and the arrest illegal.

It is not necessary to the complete justification of the defendant under his warrant, that the validity and regularity of the proceedings of the assessors, in all respects relating to the abatement and reassessment, should appear. The collector is certainly entitled to the full protection of the rule which regulates the liability of ministerial officers in the service of process. *Chase* v. *Ingalls*, 97 Mass. 524. And where the assessors have jurisdiction of the subject matter, and the process is regular on its face, he is not bound to examine into the legality of the previous proceedings, and cannot be affected by the existence of any fact not disclosed which deprives them of jurisdiction in that particular case.

Upon a careful consideration of those statutes, mainly to be found in the Gen. Sts. *c.* 11, which provide for the election, and define the duties, of the board of assessors, we are of opinion that the warrant and tax list, under which this arrest was made, furnish a sufficient justification to the defendant.

The provisions of § 53 are broad in their terms. "Every tax, except a poll tax, which is invalid by reason of any error or irregularity in the assessment, and which has not been paid, or which has been recovered back, may be reassessed, by the assessors for the time being, to the just amount to which, and upon the estate or to the person to whom, such tax ought at first to have been assessed." The reassessment may be made, after the expiration of the year, by an entirely new board of assessors. It extends to a tax which has been paid and recovered back by process of law, and which would reasonably carry the time far beyond the expiration of the year. It may be used to correct an error which affects the entire list, as in the case of *Goodrich* v. *Lunenburg*, 9 Gray, 38, the decision of which manifestly occasioned the statute provision in question; or to cure an error discovered in any one or more of the individual taxes. It reaches every description of error that may arise,

either in regard to amount or estate or person. There was au-thority enough, therefore, in the assessors, to reassess the tax in question to the plaintiff. The only difficult question is whether they legally exercised it in this instance.

It is obvious that the reassessment, whenever made, and by whichever board of assessors, must be based upon the valuation of the year in which the tax was first assessed. It must be made in pursuance of the original votes of the town, and the warrants of the state and county, requiring it; and all correc-tions must have reference to them.

It is insisted by the plaintiff, that, under this statute, like pro-ceedings must be had as are required in the original assessment; that the reassessed tax list, with a warrant specifying the reason for their action, must be committed by the assessors to the col-lector for the time being.

If the error or irregularity in any given case were such as to invalidate the entire assessment, it would seem to be indispen-sable that an entire new list should be prepared and should be accompanied with a new warrant. But there is not the same necessity where the error is in the individual assessment, and there is nothing in the law which expressly requires it. The process under which the collector acts is in some respects pecul-iar and anomalous. The warrant refers to the tax list, which accompanies it, as one of the documents constituting the col-lector's authority. If the warrant is lost or destroyed, the asses-sors may issue a new one, which shall have the same force and effect as the original, and if issued by a new board must have reference to the same original list. The tax list is liable to be changed, from time to time while in the collector's hands, by abatements, and (what is more to the point) by additions thereto. At the time when the power of reassessment was given, new names of taxpayers were required to be added in certain cases of omission. By § 50, persons who were liable to be taxed at the last annual assessment, and who applied seven days before an election, were to be taxed upon their polls and estate in the same manner as they would have been originally; with the fur-ther provision that the taxes so assessed be entered in the tax

Hubbard *v.* Garfield.

lists of the collector, to be collected and paid over as specified in his warrant.

Thus the written warrant and authority of the collector, after it had been delivered to him for execution, was subject to be changed and added to by the board from which it issued, or, in case of the death, removal or disability of any of its members, by their successors in office.

The last cited section was indeed repealed by the St. of 1865, *c.* 206, § 2, and similar provisions were made by the Sts. of 1868, *c.* 211, § 2, and 1869, *c.* 443. The subsequent repeal does not affect this discussion, which relates to the interpretation to be given to the law at the time of its enactment.

The intention of the law is to be judged of with reference to the nature of the proceedings which it affects, and the character given to them by previous legislation ; and, with the aid thus derived, it is apparent that the assessors may add new names to the collector's list, as at least one legal mode of making the reassessment. This mode would be less open to objection, when the addition is made during the year, by the same assessors, and before the expiration of the collector's term of office. But the assessors constitute a tribunal with powers which imply a continued and uninterrupted existence, not limited to the individuals who at any given time compose it. And if this were otherwise, the law in question expressly gives the power of reassessment to the assessors for the time being.

In regard to the collector, although his term of office has expired, he still has power to complete the collection of taxes committed to him. Gen. Sts. *c.* 12, § 2. And this of course embraces those which have been legally added to the list in his hands, and which, under this peculiar process, relate back to the original warrant, and are brought within its authority.

By these steps, we arrive at the conclusion that the assessment made to the plaintiff was within the jurisdiction of the assessors of 1867, and that the warrant for its collection in the defendant's hands was regular on its face. This is far enough to go for the defendant's justification. He is not called on to inquire whether the assessors erred in judgment as to the plain-

tiff's liability, or proceeded irregularly in any preliminary to the act of assessment. *Cheever* v. *Merritt*, 5 Allen, 565. *People* v. *Warren*, 5 Hill, 440. *Watson* v. *Watson*, 9 Conn. 140. *Stoddard* v. *Tarbell*, 20 Verm. 321.

If it be said that this construction gives to this class of town officers great power over the persons and property of the citizen, the answer is, that it is no more than must necessarily be had for the discharge of the important and difficult duties connected with taxation, and no more than has been exercised from the earliest times, under existing laws. The security is to be found in the integrity and fidelity of these officers, and not in a too strict construction of the statutes under which they act.

*Exceptions sustained.*

*I. Sumner & H. L. Dawes*, for the defendant.

*A. J. Fargo*, for the plaintiff.