## MERRIMACK COUNTY v. THE TOWN OF JAFFREY.

The right of the insane asylum to recover the charges of supporting a pauper, committed on the order of the judge of probate as dangerously insane, is not affected by the fact that the proceedings leading to the commitment were without notice to any person.

The relinquishment by a parent of a minor child's earnings, under the misapprehension that the law emancipates the child at the age of eighteen, is not of itself an emancipation of the child.

ASSUMPSIT, for money paid in support of a pauper at the insane asylum, whose settlement was claimed to be in Jaffrey. Facts found by a referee.

The pauper was committed to the asylum as a person dangerously

insane, on petition of the selectmen of Pembroke where she then was, by the order of the judge of probate of Merrimack county, without notice to any person. She had no relations of sufficient ability to support her, and no settlement in any town unless it was in Jaffrey. Her settlement was in Jaffrey, if she was not legally emancipated at the age of eighteen. At that age, her father, supposing the law then emancipated her, relinquished his claim to her earnings, but there was no special agreement between them on the subject, and no public notice given of the fact, and she continued for several years to live in her father's family, clothing herself, but paying nothing for board. The defendant claimed that she was emancipated, and that want of notice of the proceeding for her commitment prevented a recovery.

*Sargent & Chase*, for the plaintiff.

*Faulkner*, for the defendant.

ALLEN, J. As a general rule, a warrant of commitment, regular on its face and issued by a court of competent jurisdiction, authorizes and makes it the duty of the officer or person intrusted with its execution to arrest and commit the person named in the warrant, and the keeper of the place of confinement to receive and detain the person committed. *Watson* v. *Watson*, 9 Conn. 140 ; *Scott* v. *Shaw*, 13 Johns. 378 ; *Hinman* v. *Brees*, id. 529 ; *Stoddard* v. *Tarbell*, 20 Vt. 321 ; *Brown* v. *Mason*, 40 Vt. 157. The judge of probate had jurisdiction of the petition to commit the pauper, and the officers of the asylum could not look beyond the order of commitment and inquire into the regularity of the proceedings for authority to detain her ; and want of notice of the proceedings could not affect the right of the asylum to recover the expense of her confinement  The plaintiff was liable for the charges in the first instance, and having paid them could recover the amount of the town where the pauper had her settlement. Gen. St., *c.* 10, *s.* 16 ; *Merrimack County* v. *Concord*, 39 N. H. 213.

The misunderstanding of the pauper's father that the law emancipated her at the age of eighteen, and his consequent relinquishment of her earnings, without some intention on his part arising from other circumstances to emancipate her, did not effect her emancipation. It did not appear that any such intention existed, or that the parol agreement, made under mistake, was subsequently performed, and the court cannot presume emancipation from the facts stated. The pauper not having been emancipated, her settlement was in Jaffrey.

*Judgment for the plaintiff.*

BINGHAM, J., did not sit.