The State of New Hampshire *v.* Hollis.

Actions to recover pay for the board of prisoners at the reform school should be brought in the name of "The Reform School."

It is no defence to an action against a town for the board of a prisoner committed to the reform school from it, that the proceedings before the magistrate, which resulted in his committal, were defective, if the mittimus was regular on its face, and no objection was taken by the prisoner to the prior proceedings.

ASSUMPSIT, to recover for the board of a prisoner committed to the reform school from the defendant town. Facts found by a referee.

The action was in the name of the state. The defendants demurred, but the referee overruled the demurrer, and they excepted. The complaint against the prisoner and the warrant on which he was arrested were defective, but he made no objection, and when arraigned pleaded guilty, and was sentenced to the reform school for one year. Under this sentence he was committed from the defendant town on a mittimus, regular in form, issued by a justice of the peace residing in that town. The defendants claimed that, as the complaint and warrant were defective, they were not liable.

*Fassett*, for the plaintiffs.

*A. W. Sawyer* and *Stevens & Parker*, for the defendants.

STANLEY, J.   The prisoner was committed to the reform school from Hollis by order of a justice of the peace.   In such cases the statute provides that the town from which the person was committed shall be liable to pay for his board, and may recover it of the parent or guardian of such person, or of the town or county liable for his support, as if he were a pauper.   Gen. St., *c.* 269, *ss.* 23, 24.

But the defendants say that the proceedings before the justice were irregular, unauthorized, and defective, and therefore they are excused from the liability imposed by the statute.   The defects complained of were such as might be waived by the respondent, and they were waived if he did not seasonably object.   They were defects of which he alone could complain.   They were all of such a character that they might have been remedied.

The warrant of commitment was regular on its face and in all its essential requisites, and the superintendent of the reform school could not have refused to receive the prisoner.   He was not required to examine the preliminary proceedings to see if they were regular.   *Merrimack County* v. *Jaffrey*, 58 N. H. 426.

The action should have been in the name of the reform school, and not in the name of the state.   Gen. St., *c.* 269, *s.* 1.   This objection may, however, be avoided by an amendment *(Folsom* v. *Ins. Co.*, 59 N. H. 54), and there may then be

*Judgment for the plaintiffs.*

FOSTER, J., did not sit: the others concurred.