NATHANIEL DAVIS *vs.* CITY OF BOSTON.

Suffolk. March 18. — Sept. 10, 1880. AMES & LORD, JJ., absent.

Real estate in the possession of a mortgagee, the equity of redemption of which had been conveyed, was improperly taxed to the mortgagor. It was afterwards sold and conveyed under a power of sale in a second mortgage; and the tax was subsequently reassessed, under the Gen. Sts. *c.* 11, § 53, to the holder of the equity, based upon a valuation other than that of the year for which the tax was originally assessed. *Held,* that the reassessment was invalid.

If land is sold for a tax improperly assessed, the true owner, if in possession, may maintain a bill in equity against the purchaser at the tax sale, to quiet his title.

BILL IN EQUITY, filed June 20, 1879, to quiet the plaintiff's title to land in Boston. At the hearing before *Ames,* J., the following facts appeared:

On July 1, 1871, Nathaniel Winsor, then the owner of a wharf, in Boston, mortgaged the same by deed of that date, duly recorded, to Francis Curtis and others, for $95,000; and, on January 1, 1875, he made a second mortgage of the same estate, by deed duly recorded, to the plaintiff, for $30,000. On August 17, 1875, Winsor, by an indenture duly recorded on December 15, 1875, conveyed to Edward S. Tobey and others, trustees, in trust for his creditors, all his real estate, including the said wharf, subject to the above-named mortgages. On May 1, 1876, the assessors of the defendant city assessed to Nathaniel Winsor the sum of $1873.25, as a tax on the said wharf, at a valuation of $147,500. The trustees were at the time of this assessment the record owners of the estate, and, by their consent, the first mortgagees were in possession, taking the rents and profits thereof. On May 21, 1877, after a breach of the condition of the second mortgage, the plaintiff duly entered upon said estate and took peaceable possession thereof, for the purpose of foreclosing his mortgage. The certificate of his entry, dated May 21, 1877, was duly recorded within the time prescribed by law, and on May 21, 1877, under the power of sale contained in his mortgage, he duly sold and conveyed said estate, by deed, duly recorded with affidavit of sale, to Joshua N. Marshall, who, on May 31, reconveyed the estate to the plaintiff by deed dated and

recorded the same day; and the latter has ever since been in possession of the estate as the owner thereof. In the above transactions, Marshall acted merely as a conduit for the purpose of effecting a foreclosure; and the plaintiff, by said foreclosure, obtained a valid title to the estate, and became the legal owner thereof. On July 11, 1877, the assessors of Boston, by a reassessment, assessed to Edward S. Tobey and others, trustees, as a tax for the year 1876, upon said estate, the sum of $1587.50, at a valuation of $125,000. On August 29, 1878, the collector of taxes sold said estate for non-payment of the above tax, so reassessed; and, on September 23, 1878, by deed duly recorded, conveyed the estate to the city. All the above proceedings were proper in form. No proceedings were ever had or commenced by the city to enforce the collection of the tax assessed to Winsor, or to preserve or enforce the lien, if any, therefor.

Upon these facts, the judge ordered the collector's deed to the defendant to be set aside, as constituting a cloud upon the plaintiff's title; and that the defendant convey to the plaintiff all right, title and interest in the estate which it acquired under said deed. The defendant appealed to the full court.

*J. N. Marshall & M. L. Hamblet*, for the plaintiff.

*H. B. Sargent, Jr.*, for the defendant.

SOULE, J. On May 1, 1876, Curtis and others, the first mortgagees of the land described in the plaintiff's bill, were the only persons to whom the tax on that land could be legally assessed, because they were mortgagees in possession. Gen. Sts. c. 11, § 8. The original tax for the year 1876 was therefore void, because it was not assessed to the proper person. A reassessment of the tax was within the authority of the assessors for the year 1877, if made in the just amount and to the person to whom the tax ought at first to have been assessed. Gen. Sts. c. 11, § 53. The attempted reassessment was invalid, because it was made to Tobey and others, the owners on the 1st of May, 1876, of the equity of redemption, instead of to Curtis and others, the mortgagees in possession. The statute on this point is explicit. The reassessment was invalid for the further reason that it was not based on the valuation of the year for which the tax was originally assessed. It was not, therefore, a reassessment of a tax which was void by reason of irregularity in assessing it to the

wrong person, but was a new and original tax, assessed without authority. *Hubbard* v. *Garfield*, 102 Mass. 72.

But if this were not so, and the tax were legally reassessed, it did not constitute a lien on the land, and the collector had no authority to make sale of the land to enforce its collection.

When the tax was originally assessed, Tobey and others owned the land subject to two mortgages. Afterward, and before the reassessment, the land was sold under a power of sale contained in the second mortgage, and a valid absolute title was conveyed to the plaintiff, who was also the second mortgagee. This was an alienation of the estate which was in Tobey and others, leaving in them no title or interest whatever. *Hall* v. *Bliss*, 118 Mass. 554. If, therefore, Tobey and others were the persons to whom the tax ought originally to have been assessed, as owners of the land, a tax reassessed to them after a sale which extinguished their title, could not constitute a lien on the land, under the statute which provides that reassessed taxes on real estate shall constitute a lien thereon from the time they are committed to the collector, unless the estate has been alienated between the first and second assessments. Gen. Sts. *c.* 12, § 23.

The proceedings of the collector in selling and conveying the land were therefore unwarranted, and his deed to the defendant did not convey a valid title. But, as the defendant has caused the deed to be recorded, and refuses to release to the plaintiff, and claims title to the land, the collector's deed to it constitutes a cloud on his title. As he is in possession, he cannot try his title by writ of entry, and may maintain this bill to remove the cloud from it. He is entitled to a deed of release from the defendant, and to recover his costs. *Clouston* v. *Shearer*, 99 Mass. 209. *Russell* v. *Deshon*, 124 Mass. 342.

*Decree affirmed.*