### WILLIAM KNOWLTON *vs.* JOHN B. MOORE.

Worcester.    October 5. — 20, 1883.    FIELD & W. ALLEN, JJ., absent.

An advertisement of a sale of a parcel of land taken for a tax, which incorrectly states the year for which the tax is assessed, does not comply with the Gen. Sts. c. 12, § 29; and is fatally defective, although it states correctly the amount of the tax assessed.

The provision in the Gen. Sts. c. 12, § 35, that the collector's deed of land sold for the non-payment of a tax shall state " the place of residence of the grantee," is not merely directory ; and a deed which omits such a statement is fatally defective.

BILL IN EQUITY, filed July 6, 1882, to remove a cloud upon the title to a parcel of land in Hopkinton.   The case was heard upon the pleadings and agreed facts by *Field*, J., who reserved it for the consideration of the full court.   Such decree to be entered as justice might require.   The facts appear in the opinion.

*T. G. Kent*, for the plaintiff.

*H. E. Fales*, for the defendant.

COLBURN, J.  It appears, by the facts agreed in this case, that the plaintiff is the owner of the lot of land described in his bill, unless the defendant has become the owner under and by virtue of certain proceedings in the sale of said land for taxes. The plaintiff is in possession of the land, and contends that these proceedings are void.  The defendant having put the deed under which he claims upon record, and refusing to release the premises, the plaintiff brought this bill, praying that the defendant may be ordered to execute to him a release, which shall remove the cloud upon his title.

The assessors of the town of Hopkinton, on May 1, 1874, duly assessed a tax of $10.92 on this lot of land to William Scollans, who was then the owner, but a non-resident.  The assessors by warrant committed this tax to the collector, who was also treasurer of the town ; and, in October, 1875, the treasurer and collector issued his warrant to a deputy sheriff of the county of Middlesex, requiring him to collect this tax.  The sheriff proceeded to advertise and sell this land for non-payment of the tax, and, pursuant to the sale, conveyed the land to the defendant.

The plaintiff contends that the warrant to the sheriff was insufficient, and that authority to sell real estate, for non-payment of the tax thereon, cannot be delegated, but must be exercised by the collector.  We have not found it necessary to consider either of these questions; for, if these objections should be overruled, we think there are fatal defects in the proceedings.

As the defendant claims under a statutory conveyance, he must show a strict compliance with all the requirements of the statute.  *Alvord* v. *Collin*, 20 Pick. 418.  *Harrington* v. *Worcester*, 6 Allen, 576.

The sheriff had no authority under his warrant to sell the land for any tax except that for 1874.  In his advertisement he states the amount of the tax correctly, but states that it is for the year 1875.  The notice does not state the tax for which the land was sold, but a different tax.  Gen. Sts. *c.* 12, § 29.  The amount of the tax may well have been the same for several years in succession.  A slight error in stating the amount of the tax in the notice, is fatal.  *Alexander* v. *Pitts*, 7 Cush. 503.  A misstatement of the year for which the tax was assessed, and

for the non-payment of which the land is to be sold, must be equally fatal.

The Gen. Sts. *c.* 12, § 35, require that the collector's deed shall state the place of residence of the grantee. In the deed under which the defendant claims, his place of residence is not stated. By this omission the owner might have been deprived of important rights, which were given him under § 37. This provision is not merely directory. *Harrington* v. *Worcester, ubi supra. Lunenburg* v. *Walter Heywood Chair Co.* 118 Mass. 540. We think this omission rendered the deed fatally defective.

We have not considered the objection that the deed was defective in not stating the authority under which the sheriff acted, nor several other objections made by the plaintiff.

The plaintiff is entitled to a deed of release from the defendant, which shall remove the cloud upon his title caused by the sheriff's deed, and to recover his costs. *Russell* v. *Deshon,* 124 Mass. 342. *Davis* v. *Boston,* 129 Mass. 377.

*Decree accordingly.*