HENRY L. RATHBUN *et ux. vs.* THOMAS ALLEN, *T. C.*

JULY 3, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is a suit in equity against the tax collector of the town of East Greenwich in this state, in which the principal relief prayed for in the bill as amended is that the respondent, as such tax collector, and his successors and his and their agents and attorneys be permanently enjoined from selling two certain parcels of real estate in that town, or any part or parts of such parcels, for the payment of any of the town taxes assessed thereon for the years 1931, 1932, 1933 and 1934.   It was heard in the superior court on the amended bill, answer and replication, and a decree was entered granting the relief prayed for as above stated.   The cause is now before us on the respondent's appeal from this decree.

The pertinent facts are not in dispute between the parties and are as follows.   During the years mentioned and until April 15, 1935, when the mortgagee's deed hereinafter described was executed, acknowledged and delivered, one of these parcels of real estate was owned by John W. Askelof and his wife, Anna P. Askelof, and the other by Anna P. Askelof.   Both parcels were subject to a mortgage made by these two persons on August 1, 1922 to the complainant

Henry L. Rathbun, whom we shall hereinafter refer to exclusively as the complainant, and securing their promissory note to him. The taxes involved in this cause were assessed against the respective owners of these parcels and have remained unpaid.

For default in the payment of the mortgage note, these parcels, at a foreclosure sale duly held on April 13, 1935, after proper notice had been given, were sold, in accordance with the power of sale in the mortgage, by the complainant, then holder of the mortgage, to himself as the purchaser. They were accordingly conveyed to him by a mortgagee's deed, dated, acknowledged and delivered on April 15, 1935 and duly recorded. This deed was in proper form, except that therein the sale was erroneously described as held on April 12, 1935. He has ever since held these parcels of real estate as the owner thereof and has refused to pay the taxes in question, claiming that they ceased to be secured by liens on these parcels before any steps were taken to enforce any of such liens.

The respondent on May 20, 1937 first advertised these parcels for sale for payment of these taxes and was only prevented from selling them by a temporary injunction issued by the superior court in this cause. He threatens to sell them for payment of these taxes, unless prevented by a judicial order or decree, and claims that the foreclosure sale and conveyance of them was not an alienation within the meaning of G. L. 1923, chap. 62, sec. 3, as follows: "All taxes assessed against the owner of any real estate shall constitute a lien on such real estate in any town for the space of two years after the assessment, and, if such real estate be not aliened then until the same is collected."

We will consider first a contention made by the respondent, but apparently not very strongly relied upon. This is that the notice published for the foreclosure sale gave the date of the proposed sale as April 13, while the mort-

gagee's deed gave it as April 12, and that therefore the deed was invalid. But it was clearly and without contradiction proved by the testimony of the auctioneer, who conducted the sale and was testifying from the record which he made at the time of the sale, that it was held at the date and hour stated in the published notice."

Moreover, one of the original advertised notices, which stated that date and hour for the sale, was attached to the deed and made a part of it; and right beside this notice in the deed was an affidavit by the mortgagee to the notice and its publication and stating that "said sale was made at public auction at the time and place designated in said notice."

In view of these facts, we are of the opinion that the deed was not rendered invalid by the mistake that was made at one place therein in stating the date of the sale. There remains for determination a single and simple question of law, whether a valid sale and conveyance of real estate by a mortgagee to himself, under and in accordance with a power of sale contained in the mortgage, is an alienation within the proper meaning of the word "aliened" as used in the statutory provision above quoted.

In *Jenckes* v. *Smithfield*, 2 R. I. 255, at page 257, this court said: "The term alienation embraces every mode of passing real estate by the act of the party, as distinguished from passing it by the operation of law." That is at least a common and usual sense of the term. See, for instance, *Boyd* v. *Cudderback*, 31 Ill. 113. There a statute required, in all cases, the signature and acknowledgment of the wife as conditions to the "alienation" of a homestead. At page 119, the court said: "The legislature no doubt used the term alienation in its ordinary and legal sense. The word is defined by lexicographers to be an act whereby one man transfers the property and possession of land, tenements or other things to another person."

In *People's Savings Bank* v. *Tripp, C. T.*, 13 R. I. 621, the suit of the complainant bank, which was the holder of several mortgages by three different persons on real estate in the city of Providence, was based on a certain statute. At page 621 this court, by *Durfee, C. J.*, said: "The complainant contends that the levy was not authorized by the statute. The statute, Gen. Stat. R. I. cap. 41, §7, however, provides that if any person is taxed in the same tax for several parcels of land, or for land and personalty, the whole tax may be collected either out of the real or personal estate, or any part thereof, provided that no land *aliened* shall be sold, if the person taxed have other sufficient property; and we are of the opinion that an estate, which is merely mortgaged, is not, so long as the mortgagor remains in possession, 'aliened' within the meaning of the word as used in the statute."

In *Reynolds* v. *Hennessy*, 15 R. I. 215, this court, again by *Durfee, C. J.*, said at page 218, with reference to the complainant in the case and his power of sale under a mortgage: "His title as mortgagee is peculiar, the mortgagor in possession being regarded as owner, subject to the mortgage, as well at law as in equity. The power does not belong to the mortgagee as such, but it is collateral to the mortgage, and the purchaser at a sale under the power takes, not as grantee of the mortgagee, but as grantee of the mortgagor, even when the deed is in the name of the mortgagee."

If, as stated in *People's Savings Bank* v. *Tripp, C. T.*, *supra*, property is not "aliened", when it is merely mortgaged, without change of possession, the question naturally arises whether such property, in the possession of its owner, subject to a mortgage, is "aliened", when the mortgagee, in accordance with the power of sale, sells and conveys it to a purchaser who takes possession. From the language above quoted it would naturally be expected that this question would be answered in the affirmative, when it came before

this court; and upon such an answer were clearly based the decisions and opinions in *Parker* v. *MacCue,* 54 R. I. 270 and *Kettelle* v. *MacCue,* 54 R. I. 276, though the question was not discussed.

In each of these cases it was held that a purchaser of mortgaged property at a foreclosure sale, who had received a mortgagee's deed thereof, was entitled to an injunction against the tax collector of the city of Warwick in this state, to prevent the sale of the property for unpaid city taxes thereon which had been assessed more than two years previously against the owner of the property that was subject to the mortgage. It does not appear from the opinion in either of these cases whether or not the complainant purchaser was the holder of the mortgage at the time of the foreclosure sale.

But we do not see why, on principle, it should make any difference whether he was or not, especially in view of the statement above quoted from the opinion of this court in *Reynolds* v. *Hennessy, supra,* that the purchaser at a foreclosure sale under a power of sale "takes, not as grantee of the mortgagee, but as grantee of the mortgagor, even when the deed is in the name of the mortgagee." In our judgment, if the mortgagee became such purchaser and received such a deed, the transaction was an alienation of the property.

It was so held in *Davis* v. *Boston,* 129 Mass. 377, where the decision involved the question of the applicability of a statute which provided that reassessed taxes on real estate should constitute a lien thereon from the time when they were committed to the collector, unless the estate had been alienated between the first and second assessments.

It is our opinion that the rule laid down in *Parker* v. *MacCue* and *Kettelle* v. *MacCue, supra,* applies in the instant cause; that therefore in this cause the foreclosure sale and the resulting conveyance to the complainant constituted

an alienation of the properties conveyed; that, as all the taxes here involved had been assessed more than two years before any attempt was made to enforce any lien upon either of these properties for any of these taxes, neither of the properties could any longer be sold for any of these taxes; and that, therefore, the complainants were entitled to the relief granted to them in the decree appealed from.

The respondent's appeal is denied, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*W. Louis Frost,* for complainants.

*Russell H. Hawkins,* for respondent.