**ASK PROPERTIES**

v.

**Cynthia OLOBRI, Director of Finance of the Town of North Kingstown.**

**No. 87–520 Appeal.**

Supreme Court of Rhode Island.

Nov. 9, 1989.

---

James S. O'Brien, Newport, for plaintiff.

Mark A. McSally, Cranston and Justin T. Shay, Cameron & Mittleman, Providence, for defendant.

Before FAY, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

## OPINION

WEISBERGER, Justice.

This case comes to us on the plaintiff's appeal from a summary judgment entered in the Superior Court in favor of the defendant Director of Finance of the town of North Kingstown (town). We affirm. The facts insofar as they are pertinent to this appeal are as follows.

In June 1986 plaintiff Ask Properties, a Rhode Island partnership, was engaged in the process of purchasing a parcel of land located at 606 Ten Rod Road in the town of North Kingstown. Pursuant to G.L.1956 (1980 Reenactment) § 44–7–11, as amended by P.L.1981, ch. 237, § 1, plaintiff served written notice upon the collector of taxes for the town of North Kingstown, requesting the issuance of a tax certificate identifying the outstanding property taxes on this parcel of land. On June 13, 1986, the tax collector issued an itemized tax certificate, which indicated that $4,615.24 was due in real estate property tax on 606 Ten Rod Road. Nowhere on this certificate was there any indication that there might be due on the property any other taxes unascertainable at the time the certificate was issued.

On June 19, 1986, plaintiff completed closing and took title to the subject property. The outstanding $4,615.24 plus interest in property taxes listed on the certificate was paid and plaintiff filed the certificate in the Land Evidence Records Office for the town of North Kingstown.

During the month of December 1986, it came to plaintiff's attention that the town of North Kingstown had assessed a property tax on said parcel as of December 31, 1985, in an amount of which the sum of $2,342.46 plus interest was allocable to the period covering January 1, 1986, through the date of closing, June 19, 1986. The plaintiff paid this additional tax and filed this action in District Court Fourth Division seeking return of this payment plus interest and an order discharging any liens associated with these taxes. The District Court judge ordered the case transferred to the Washington County Superior Court since plaintiff was in effect seeking the issuance of a declaratory judgment.[1] Thereafter a Superior Court justice granted the town's motion for summary judgment.

The controlling statute in this case is G.L.1956 (1980 Reenactment) § 44–7–11, as amended by P.L.1986, ch. 464, § 1, which reads in entirety as follows:

---

**1.** The Superior Court and the Family Court have exclusive original jurisdiction in actions for de-
claratory judgment. G.L.1956 (1985 Reenactment) § 9–30–1.

"Collectors to furnish statements of liens.—The collector of taxes for any city, or for any town shall, on written application by any person, and within five (5) days thereafter, excluding Saturdays, Sundays and holidays, furnish to such applicant a single certificate of all taxes and other assessments, including water rates and charges, which at the time constitute liens on the parcel of real estate specified in such application and are payable on account of such real estate. Such certificate shall be itemized and shall show the amounts then payable on account of all such taxes and assessments, rates and charges, so far as such amounts are fixed and ascertained, and if the same are not then ascertainable, it shall so be expressed in the certificate. Any city or town officer or board doing any act toward establishing any such tax, assessment, lien or charge upon any real estate in the city or town shall transmit a notice of such act to the collector of taxes. Such collector of taxes shall charge six dollars ($6.00) for each certificate so issued, and the money so received shall be paid into the city or town treasury. A certificate issued on or after October 1, 1966, under this section may be filed for record with the registry of deeds of such city or town in which such real estate shall be situate within sixty (60) days after its date, and if so filed shall operate to discharge the parcel of real estate specified from the liens for all taxes, assessments or portions thereof, rates and charges which do not appear by said certificate to constitute liens thereon, except the taxes, assessments or portions thereof, rates and charges which have accrued within (1) one year immediately preceding the date of the certificate, the taxes, assessments or portions thereof, rates and charges concerning which a statement has been filed for record or registration under any other provision of law; provided, a certificate issued under this section shall not affect the obligation of any person liable for the payment of any tax, assessment, rate or charge.

The fee to be paid for filing such certificate with the registry of deeds shall be eight dollars ($8.00)." [2]

In deciding this case, we are confronted with the burden of deciphering and harmonizing the various provisions of § 44–7–11. There are three provisions of this statute relevant to this dispute:

1. "[The tax] certificate shall be itemized and shall show the amounts then payable on account of all such taxes and assessments, rates and charges, so far as such amounts are fixed and ascertained, *and if the same are not then ascertainable, it shall be so expressed in the certificate.*"

2. "A certificate may be filed for record with the registry of deeds of such city or town in which such real estate shall be situate within sixty (60) days after its date, *and if so filed shall operate to discharge the parcel of real estate specified from the liens for all taxes, assessments or portions thereof, rates and charges which do not appear by said certificate to constitute liens thereon * * *"*

3. "* * * except the taxes, assessments or portions thereof, rates and charges *which have accrued within one (1) year immediately preceding the date of the certificate,* the taxes, assessments or portions thereof, rates and charges concerning *which a statement has been filed for record or registration under any other provision of law * * *.*" (Emphasis added.)

Because the provisions of this statute may be read so as to be in apparent conflict with one another, a careful examination must be made of the statute's intended purpose:

"It is our responsibility in interpreting a legislative enactment to determine and effectuate what the Legislature intended and to give a meaning 'most consistent with its policies or obvious purposes.'" *Gryguc v. Bendick,* 510 A.2d 937, 939 (R.I.1986) (quoting *City of Warwick v.*

2. The 1988 Reenactment is identical in all material respects.

*Almac's, Inc.*, 442 A.2d 1265, 1272 (R.I. 1982)).

Prior to the enactment of this statute, if a collector of taxes was to misstate the existing tax liens on a parcel of real estate, there were no provisions by which any liens not reported or erroneously reported on a tax certificate could be discharged. *See* P.L.1946, ch. 1800. However, with the passage of § 44–7–11 in its current form, the General Assembly has effectively required the towns and cities in Rhode Island to prepare comprehensive and accurate tax certificates or face a possible discharge of any liens not reported on these certificates. Additionally, prospective buyers could depend on these certificates to reflect the entire tax obligation incident to a parcel of real estate and act in reasonable reliance thereon. The General Assembly did temper this discharge provision with two exceptions: the first allows taxes accruing within one year immediately preceding the date of the certificate not to be subject to discharge of lien even if not listed on the tax certificate, and the second exempts any taxes or other charges that have been filed or recorded under any other provision of law.

The dispute in this case arises between the statute's provision requiring the town to list on the tax certificate *all* taxes, whether "ascertainable" or "unascertainable," and the provision exempting the town from sanctions for failure to list taxes "accruing within one year" preceding the date of the certificate.

In all cities and towns in the State of Rhode Island, property taxes are assessed as of twelve o'clock midnight on December 31 for the succeeding year. G.L.1956 (1988 Reenactment) § 44–5–1.[3] However, taxes that have been formally assessed on a given parcel of real estate are "unascertainable" until the town's financial officers have made the actual computations of the amount of taxes attributable to each parcel. These computations are made not long before the date when such taxes are deter-

mined to be due and payable. *See* § 44–5–5. The plaintiff requested a tax certificate on June 13, 1986, and this certificate listed all the taxes assessed as of December 31, 1984. Clearly, both parties either were aware or should have been aware that taxes in some amount had been assessed on the property located at 606 Ten Rod Road as of December 31, 1985, even though that sum would not be billed until July 1986. Both parties do agree that these taxes were in fact "unascertainable" on the date the certificate was drawn. Thus plaintiff contends that the tax certificate, in failing to make any mention of these "unascertainable" taxes, was not in strict compliance with § 44–7–11. Accordingly, because plaintiff filed this document in the land evidence records, plaintiff asserts that the lien associated with these taxes was discharged.

We accept the agreement of the parties that the taxes assessed December 31, 1985, were in fact "unascertainable" at the time the certificate was issued. Nevertheless, we must recognize that had the collector of taxes performed the rather simple task of noting on the tax certificate that there were other "unascertainable" taxes that had been assessed on the property, this entire controversy might have been avoided. We are of the opinion that § 44–7–11 requires the collectors of taxes to make this notation but imposes no sanctions should they fail to do so in respect to taxes which have accrued within one year prior to the date of the certificate.

We must agree, therefore, with defendant's assertion that § 44–7–11 will not result in the loss of the town's lien regarding any taxes that have "accrued within one year" even if they are not set forth in the certificate.

Helpful to the application of this provision is the interpretation of the word "accrue." This term has many different meanings when used in various contexts, but Black's Law Dictionary defines "accrued taxes" as "[t]axes which are properly

---

**3.** Assessed taxes constitute a lien on real estate as of the date of assessment. G.L.1956 (1988 Reenactment) § 44–9–1.

chargeable in a given accounting period but not yet payable." Black's Law Dictionary 20 (5th Ed.1979).

Clearly the taxes on this parcel between January 1, 1986, and June 19, 1986, had "accrued" under this definition. In addition, it is equally clear that they "accrued within one year preceding the date of the certificate" (June 13, 1986) and that therefore the town was not required to list them on the certificate in order to preserve its lien. In interpreting any statute, we must attempt to give effect to all its provisions "with no sentence, clause, or word construed as unmeaning or surplusage." *State v. Caprio*, 477 A.2d 67, 70 (R.I.1984). In order to accept plaintiff's position, we would be required to ignore the one-year exemption in its entirety.

Although it may seem somewhat anomalous that the General Assembly would impose a duty upon a municipal tax collector but withhold the sanction of loss of lien in respect to taxes that accrue within a year of the date of certificate, the explanation is readily apparent. All title examiners are well aware that in any given year taxes are assessed as of December 31 of said year, but the taxes are not computed for several months thereafter. Consequently such examiners are placed on notice to assume that such taxes will not be ascertained until shortly before the bills are issued. As a result funds to pay such unascertained taxes should be placed in escrow at the closing of a conveyance subject to precise apportionment when the actual tax bill is determined. For the benefit of the occasional purchaser who does not have the benefit of a professional title examiner, it would be appropriate for each tax collector to note on the certificate, if such is the case, that taxes assessed the preceding December 31 have not yet been ascertained. Such a practice would eliminate controversy in the future and be of service to purchasers of real estate for whose benefit this statute was enacted. Although we recommend this practice, in the instant case we are unable to impose the sanction of loss of lien even though the practice was not followed.

For the reasons stated, the plaintiff's appeal is denied and dismissed. The summary judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.