Peter E. FITZPATRICK

v.

TRI–MAR INDUSTRIES, INC.

No. 97–352–Appeal.

Supreme Court of Rhode Island.

Jan. 21, 1999.

Albert B. West, Amy J. Manning, Providence, for plaintiff.

Richard G. Riendeau, Charles A. Lovell, Erika E. Miller, Louis A. Geremia, Providence, for defendant.

Present: LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

PER CURIAM.

The City of Providence (city) has appealed from a judgment that the city was not a secured creditor in a receivership proceeding. The issue on appeal is the status of property taxes for the year 1988 on a parcel of land in the city. This case came before a panel of the Supreme Court on November 17, 1998, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be decided summarily. After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

In 1979, Tri–Mar Industries, Inc. (Tri–Mar) purchased a parcel of land located in Providence, then designated as assessor's plat No. 37, lot No. 795. The parcel subsequently was subdivided into six lots: Nos. 805, 806, 807, 808, 809, and 814. At the time Tri–Mar was petitioned into receivership in 1994, Tri–Mar owned only lot Nos. 805, 807, and 814, the other lots having been sold previously. The receiver for Tri–Mar paid the outstanding taxes on lot Nos. 805, 807, and 814 for the 1992, 1993, and 1994 tax

years and sold these remaining lots to a bona fide purchaser, pursuant to a November 22, 1995 order of the Superior Court. This order also provided that "[a]ll valid liens and encumbrances of record on said real estate shall attach to the proceeds from the sale in their existing order of priority."[1] Prior to selling the property, the receiver inquired into the amount of outstanding taxes owed on the property and, based on the tax collector's records, paid them in full. At the time of this sale, there existed a 1988 property tax lien on the entire original lot No. 795. This lien was not indicated or recorded as applying to any or all of the six lots. On at least three separate occasions between 1990 and 1995, Tri–Mar obtained and recorded municipal tax lien certificates that failed to reflect the 1988 property taxes on lot Nos. 805, 807, and 814. In 1996, the city attempted to collect the 1988 property tax from the proceeds of the sale, claiming it was the first priority creditor. Fleet objected, arguing that the city did not have a valid lien.

The trial justice ruled that "the City does not have a secured claim with respect to its 1988 tax bill. It is both not prior or superior to the recorded mortgages. It's not superior to any secured claims that have been filed and allowed. It will, however, enjoy statutory priority as among unsecured creditors in whatever place it belongs."

■ It is well settled that this Court reviews *de novo* a claim that a trial justice misinterpreted a statute. *Levine v. Bess Eaton Donut Flour Co.*, 705 A.2d 980, 982 (R.I. 1998). The statute at issue here is General Laws 1956 § 44–9–1(b), which provides in pertinent part that a tax lien will terminate three years after its assessment if the property to which it attaches has been alienated:

"The lien shall terminate at the expiration of three (3) years thereafter if the estate has in the meantime been alienated and the instrument alienating the estate has been recorded; otherwise, it shall continue until a recorded alienation of the estate."

A sale made after the three-year statutory period but before an attempted enforcement of a tax lien serves to block the enforcement. *Cf. Rathbun v. Allen*, 63 R.I. 109, 114–15, 7 A.2d 273, 276 (1939) (holding that the expiration of the then two-year statutory period barred enforcement of the lien). Here, the property in question was sold in 1995, well beyond the three-year statutory time limit. Therefore, we conclude that the trial justice correctly found that the outstanding 1988 property tax was not a "valid lien," but merely an unsecured tax obligation.

■ Moreover, G.L.1956 § 44–7–11(a) addresses the discharge of liens that are not reflected in the tax certificate. It provides, in part:

"A certificate *** may be filed or recorded with the land evidence records of the city or town in which the real estate shall be situate [*sic*] within sixty (60) days after its date, and if so filed or recorded shall operate to discharge the parcel of real estate specified from the liens for all taxes, assessments or portions thereof, rates, fees and charges which do not appear by the certificate to constitute liens thereon, except the taxes, assessments or portions thereof, rates, fees and charges which have accrued within one year immediately preceding the date of the certificate, provided that they are noted in the certificate, and the taxes, assessments or portions thereof, rates, and charges concerning which a statement has been filed or recorded in the land evidence records."

This Court in *Ask Properties v. Olobri*, 565 A.2d 873, 876 (R.I.1989), has interpreted § 44–7–11 as requiring "towns and cities in Rhode Island to prepare comprehensive and accurate tax certificates or face a possible discharge of any liens not reported on these certificates." In addition, an accurate listing of taxes, assessments, fees, charges, and other liens allows prospective buyers to "depend on these certificates to reflect the entire tax obligation incident to a parcel of real estate and act in reasonable reliance thereon." *Id.* Thus, the General Assembly has placed the

---

1. The amount owed to Fleet, the holder of two promissory notes secured by mortgages on lot Nos. 805, 807, and 814, greatly exceeds the proceeds of the sale, which are held in escrow in the Superior Court registry.

burden of accurate record keeping on the cities and towns in order that real estate transactions be conducted with notice and in an orderly fashion. In this case, the city failed to meet this requirement when it neglected to identify the 1988 taxes as a lien on any tax certificate.

Under these circumstances, therefore, the trial justice correctly found that the city had failed to protect its lien, but that its unsecured claim to the unpaid taxes would maintain its statutory priority among unsecured creditors.

In conclusion, and for the foregoing reasons, the city's appeal is denied and dismissed. We affirm the judgment of the Superior Court, to which the papers in the case may be returned.

Chief Justice WEISBERGER and Justice GOLDBERG did not participate.