Mary A. Jennings, guardian, *vs.* Dennis Collins.

The assessment of a joint tax on two parcels of land of different owners, based on a joint valuation thereof, creates no lien for the whole or any part of such tax; and no apportionment of such a tax will create a lien, unless made as a formal reassessment of the separate parcel, and based on a separate valuation thereof, with a corresponding change in the assessors' lists.

A writ of entry in behalf of minor heirs cannot be maintained in the name of their guardian, but should be brought in their name by their next friend.

Writ of entry by the guardian of the minor heirs of Francis M. Jennings, in their behalf, to recover two lots of land in Arlington.

In the superior court it was agreed that the demanded premises, numbered lots 64 and 66, were formerly part of a large tract of land owned by Nahum Packard, which, prior to July 2, 1855, he divided into house lots numbered from 1 to 100, and, with five other of these lots, were conveyed by Packard to Jennings by warranty deed on that day; and that, prior to 1862, the latter died seised of the same. It was also agreed that in 1862 the five other lots were assessed, for taxes, to the estate of Jennings, but the two demanded lots, together with two additional lots, were assessed in one joint valuation to Packard as follows: " Nahum Packard, West Bridgewater. Number of lots, 1, 2, 64, 66. 36,260 feet. 1 house, $1700. Land, $940. Total valuation, $2650. Tax, $21.20;" that Packard represented to the assessors that he did not own lots numbered 64 and 66, and did not know who did own them; " that the assessors thereupon

apportioned the taxes due on lots 64 and 66, and deducted the same from the tax bill of said Packard, but made no record of such apportionment, and gave the amount so apportioned to the collector, directing him to receive the same as being the amount of the tax due on the said two lots, and, if no one appeared to pay said tax, to advertise and sell the same according to law;" that the collector "without further demand sold the demanded premises on March 30, 1863, for the nonpayment of said taxes so apportioned, to George W. Lane," through whom by mesne conveyances the tenant claimed title; and that no demand was ever made on the demandant or her wards, nor any notice ever given to her or them of the sale, other than the collector's advertisement thereof, in which the demanded premises were described as follows: "Nahum Packard. Lots numbered 64 and 66 on the Packard land, so called, on a plan of 100 house lots surveyed by W. A. Mason, containing 15,000 square feet. Plan recorded. State, county, and town taxes for 1862, $3.50." And it was further agreed that "the assessor's list and books do not show the demanded premises to have been taxed separately for the amount mentioned in said collector's notice," but only "that they were taxed in connection with other lots, and then at a gross valuation;" that neither Jennings nor Packard, nor the demandant, nor any of the wards of the demandant, were ever residents of Arlington; that the demanded premises were never occupied by any one before the tenant; and that from 1855 to 1862 there were the following assessments relating to the premises: During all those years the five other lots bought from Packard by Jennings were assessed as lots, or by the aggregate number of square feet contained in them, to Jennings, or, after his death, to his estate or his heirs. In 1856 lot 64 was assessed to Packard, with certain other lots, at a gross valuation; but it did not appear to whom lot 66 was assessed. In 1857, 1858 and 1859, there was no designation of lots on the assessors' lists, and land was assessed to Jennings and Packard respectively "in the aggregate of feet." In 1860, lots 64 and 66, together with lots 1 and 2, were assessed to Packard in a gross valuation, as in 1862. How they were assessed in 1861 did not appear.

Judgment was ordered for the demandant, and the tenant appealed.

*H. W. Bragg*, for the demandant.

*W. E. Parmenter*, for the tenant, on the point of the sufficiency of the assessment, argued: Packard, the original owner, was a nonresident. No person was in occupation of the land. No change of ownership was known to the assessors. Their lists were open to the inspection of persons liable to be taxed, and it was laches for those concerned not to have verified the assessment. The land being unoccupied and unimproved, the reasoning of the court in *Alvord* v. *Collin*, 20 Pick. 426, has some application to the facts. The assessors followed strictly the forms prescribed by the St. of 1861, *c.* 167. They described each lot by its number, and entered on their list a total tax. The statute did not require the separate valuation and tax of each lot. Then, when they first ascertained through Packard that he no longer owned the two lots in question, they apportioned the tax, and each of the two parcels became thereby subject to a lien for its portion thereof.

WELLS, J. The land for which this suit is brought, and a similar parcel belonging to Nahum Packard, were assessed together, by one joint valuation, to Nahum Packard. Packard informed the assessors that he did not own the lots numbered 64 and 66, and thereupon, by an informal apportionment, he was allowed to pay so much of the joint tax as was supposed properly to belong to his two lots. The balance of the tax, without any reassessment or change in the assessor's lists, the collector was directed to enforce against the other two lots. The first question is, whether the tax so assessed constituted a lien upon these lots which will support the title set up under the collector's deed. Gen. Sts. *c.* 12, § 22.

If the lots had all been the property of Packard at the time the tax was laid, the mere fact that he had divided the land into small lots for purposes of sale would not require the assessors to make a separate valuation of each lot. But where lands are separated, either by the use or purpose to which they are devoted, or by the mode of their occupation, or are disconnected

in location, a tax laid generally, upon an entire valuation, cannot be made a lien upon each separate parcel, even when they are all owned or occupied by the same person. *Hayden* v. *Foster*, 13 Pick. 492. *A fortiori*, it would seem that lands in the ownership of different persons could not be included in one joint assessment. The St. of 1861, *c.* 167, requires assessors to describe by name or otherwise " each and every lot of land owned by each person," and to give the number of acres or feet in each lot of land, and the value of the same. In the present case the two parcels, Nos. 1 and 2, owned by Packard, and Nos. 64 and 66, owned by the heirs of Jennings, having been included in one joint valuation and assessment, no lien attached to either parcel for the whole or any part of the joint tax.

By a new valuation and reassessment under the Gen. Sts. *c.* 11, § 53, the land of these plaintiffs might have been affected by a lien for the amount of tax legally and specifically assessed upon them. Gen. Sts. *c.* 12, § 23. For this purpose, a distinct and separate judgment of the assessors was necessary, fixing the value of the land belonging to each owner, and the amount of tax to be assessed separately to each. Such reassessment, to be effective, should be formally made and entered upon the assessors' lists, and thus recommitted to the collector. No such proceeding was had in this case; but by an informal computation Packard's share of the joint tax was ascertained, and was paid by him, and the collector was then directed to enforce the unpaid balance of the joint tax against the land of these plaintiffs. This gave him no proper warrant or authority for the sale of the land of the Jennings estate. No title can be derived, under a sale of land for taxes, otherwise than through the lien given by statute. As the tenant's title must fail upon this ground, it is unnecessary to consider the question of the sufficiency of the collector's notice of sale.

But the guardian of the minor heirs of Jennings is not entitled to recover their land, as guardian. The suit should have been brought in the name of the heirs themselves, who may sue by next friend. Upon proper amendment of the writ in the superior court, judgment may be entered for possession in favor of the heirs.