### THOMAS O. H. P. BURNHAM *vs.* HERBERT SEAVERNS.

An infant is not liable for the malicious prosecution of a suit during his infancy, in his name, by his next friend, which was brought without his knowledge or authority; even if he expressly assented to the suit after he had knowledge of it.

TORT to recover damages for the alleged malicious prosecution of a civil action against the plaintiff by the defendant by

his next friend. Writ dated February 27, 1868. The answer, among other defences, set up that the defendant, at the time of the malicious acts alleged, and until after the date of the writ in the present action, was an infant, and that the former action was brought without his knowledge or consent.

At the trial in the superior court, before *Devens, J.,* there was evidence that on December 27, 1865, an action was begun in the name of the defendant, by William Seaver as his next friend, against the plaintiff, in the superior court for Norfolk, which was removed into this court, and continued until February 4, 1868, when judgment was entered therein for this plaintiff; and the plaintiff introduced evidence which he contended had a tendency to show the malicious character of that action and injuries resulting to himself from it. The defendant's evidence tended to show that that action was brought in his name, without his knowledge, by Seaver, who was his uncle; that he himself took no part in conducting it; and that Seaver paid all the expenses and costs; but this evidence was controverted by the plaintiff. Upon cross-examination, the defendant testified that he first knew of that action six weeks after it was begun; that he "knew of its pendency" from that time till the final judgment; and that judgment was finally entered therein for this plaintiff because this defendant did not wish to have the action prosecuted further after the death of his sister. The only other evidence of the assent of this defendant to that action was, that he never interfered to prevent its prosecution until or except as above stated, and that about six months after it was begun he had an interview with the attorney employed to conduct it.

The plaintiff requested the judge to rule " that the defendant would be liable if he allowed a malicious suit to be prosecuted in his name, even if it was commenced without his knowledge; that, if a malicious suit was commenced in his name without his knowledge, and he afterwards knew that such a suit was pending and assented to it, or even if he did not dissent, but allowed Seaver to conduct the suit in his name, though at Seaver's own cost, he ratified Seaver's act in bringing the suit

Burnham *v.* Seaverns.

and was liable to this plaintiff; that, if a malicious suit was brought in his name and for his benefit, but without his knowledge, and the fact that such suit was brought came to his knowledge six weeks afterwards and before the entry of the writ, and he allowed the same to be prosecuted in his name for two years afterwards, he was liable to this plaintiff for all injuries suffered after he had such knowledge and while the action continued to be prosecuted."

The judge declined so to rule; and instructed the jury " that, if the defendant had shown that he was an infant, and that the alleged malicious suit was brought without any authority from him, or any consultation with him, by his uncle, as his next friend, at his own expense and charge, then the defendant was not responsible, even if, on hearing, some time afterwards, that the suit had been brought by Seaver, he did not actively interfere to prevent its being carried on."

The jury found for the defendant; and the plaintiff alleged exceptions.

*W. H. Towne*, for the plaintiff.

*E. M. Bigelow*, for the defendant.

COLT, J. Under the finding of the jury, the alleged malicious suit was commenced entirely without the knowledge or authority of the defendant, who was, during its pendency, an infant. It was prosecuted by the *prochein ami*, in theory at least receiving his appointment from the court, and having sole control of the case, so long as he is allowed by the court to retain the place. The defendant had no power to prosecute or discontinue the suit during his minority. Bac. Ab. Infancy and Age, K, 2. *Guild* v. *Cranston*, 8 Cush. 506. If the infant expressly assented to the suit after he had knowledge of it, yet he cannot become a trespasser by such assent, being liable only for his own personal acts. 1 Chit. Pl. (6th ed.) 76. The case of *Sterling* v. *Adams*, 3 Day, 411, which bears some resemblance to this, differs in the fact that there the suit was prosecuted by the defendant after he became of age, though commenced before. *Exceptions overruled.*