ELIZABETH E. READ *vs.* JOHN E. STEWART.

Suffolk. March 3. — Sept. 13, 1880. ENDICOTT & SOULE, JJ., absent.

Since the St. of 1871, *c.* 312, a married woman may maintain an action of tort on the Gen. Sts. *c.* 85, §§ 1, 2, to recover treble the amount of money lost by her husband at gaming, he not having sued for the same within three months of the loss.

TORT on the Gen. Sts. *c.* 85, §§ 1, 2, to recover treble the amount of money alleged in the first count of the declaration to have been lost by George W. Read, within one year, by gaming with the defendant, and in the second count to have been lost by the said Read, by gaming in a house occupied by the defendant, in which money was lost at gaming with his knowledge.

Both counts alleged that said Read had not prosecuted an action therefor within three months of the loss. Writ dated October 5, 1878. The answer contained a general denial, and alleged that the action was not brought by the plaintiff, in good faith, for her own use, but for the benefit of her husband, the said George W. Read, or by the said George W. in the name of his wife; and that the plaintiff was a married woman, and the action was not concerning her separate property.

At the trial in the Superior Court, before *Wilkinson*, J., it was admitted that the plaintiff was the wife of George W. Read; and there was evidence tending to show that he lost the money by gaming, as alleged; that he did not prosecute therefor within three months of the loss, and that the plaintiff brought and prosecuted this action herself.

The defendant asked the judge to rule as follows: " 1. The wife of the loser of money or goods by unlawful gaming, which he has not himself prosecuted for within three months of the loss, cannot maintain an action of tort upon the Gen. Sts. *c.* 85, §§ 1, 2, for treble the value of the money or goods so lost. 2. The plaintiff, being the wife of George W. Read, who lost by gaming the money mentioned in the declaration, cannot maintain this action for treble the amount so lost."

The judge declined so to rule; and instructed the jury as follows : " The first inquiry is whether the plaintiff can maintain this action. It is contended that she is the wife of the losing party, and that the action in reality is brought by him. The statute provides that treble the value of the money lost may be recovered (provided the party who lost it does not bring an action within three months) by any person who shall afterwards bring the action ; so that if this action was brought by George W. Read, the loser, it was not brought within the period of limitation. The action is in the name of the wife, who, it is contended, is the plaintiff in this case. On the part of the defendant it is contended that she is merely the nominal plaintiff; that the action is in fact her husband's, and is brought by him, though her name is used, and that is the first inquiry which you are to make. His wife may bring the action as well as anybody else. If she brings the action herself, the mere fact that she is the wife of the party who lost does not preclude her from bringing

this action, if it is brought by her in good faith. The simple fact that he has somewhat assisted her or advised her in reference to this action, merely aiding her in the prosecution of the action, would not prevent her right to recover. But if he instituted the action and carries it on, using her name, then it is substantially his action, and would be the same as though it was brought in his name. It will be for you to say, upon all the facts, whether it is her action or his action."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. S. English,* for the defendant. The Gen. Sts. *c.* 85, §§ 1, 2, so far as they authorize any person other than the loser to recover, are penal and not remedial, and are to be construed strictly. *Bones* v. *Booth,* 2 W. Bl. 1226. *Beals* v. *Thurlow,* 63 Maine, 9. *Commonwealth* v. *Snelling,* 15 Pick. 321. *Le Forest* v. *Tolman,* 117 Mass. 109.

The wife of the loser of money at gaming is not an "other person" than her husband, within the Gen. Sts. *c.* 85, § 1. The statutes giving certain rights to married women are in derogation of the common law, and are to be construed strictly. *Edwards* v. *Stevens,* 3 Allen, 315. See also *Towle* v. *Towle,* 114 Mass. 167 ; *Holmes* v. *Holmes,* 40 Conn. 117.

Before the St. of 1871, *c.* 312, a married woman could not sue alone for any personal injury, and this statute was intended to meet this difficulty, and not to create a new cause of action. In all cases where the Legislature has intended that a married woman should have a right to sue, in a case similar to the one at bar, the right has been expressly given. See Gen. Sts. *c.* 86, § 38; Sts. 1869, *c.* 415, § 40; 1875, *c.* 99, § 16; 1879, *c.* 297.

*R. Lund,* (*D. F. Crane* with him,) for the plaintiff.

LORD, J. Under the instructions given by the presiding judge at the trial, it must be assumed that this action is the action of the plaintiff, and not that of her husband; that it was commenced by her in good faith, and upon her own account, and upon her own responsibility, and is in no sense to be regarded as the suit of her husband. This presents the question distinctly and precisely, whether, under the St. of 1871, *c.* 312, a married woman may bring an action under a penal statute to recover a penalty.

It is true, as contended by the defendant, that the statute which gives this remedy to a third person is highly penal; and the general proposition of the defendant, that while, so far as the loser of money at gaming is concerned, the statute may be considered remedial, yet as to the common informer or third person, or party seeking to enforce the forfeiture of three times the amount lost, it is to be regarded as a penal statute, is undoubtedly supported by the authorities in this and other jurisdictions; so that the question presented is whether a married woman may bring an action for a penalty recoverable by any person who shall sue therefor.

The action must by statute be an action of tort. Gen. Sts. c. 85, § 1. The St. of 1871, c. 312, is in these words: "Any married woman may sue and be sued in actions of tort in the same manner as if she were sole, and her husband shall not be liable to pay the judgment against her for damages or costs in any such suit, but the same may be collected out of her property, real or personal; and all sums recovered by her in any such suit shall be her sole and separate property." The contention of the defendant is that the language of the statute, construed with reference to the persons and the subject-matter to which it is applicable, should be construed as if it was " actions for tort; " thus intending to limit the action to injuries personally suffered by the woman bringing the action, or to injuries personally inflicted by the woman against whom the action is brought.

We do not determine whether, if the phraseology of the statute had been " actions for tort," instead of " actions of tort," any different meaning would have been conveyed; for if not, it is certainly unnecessary to discuss it. If, however, the meaning would have been different, such a construction of it would be a legislative, and not a judicial interpretation, which alone we are authorized to make. It is undoubtedly true that, if language is used in a statute susceptible of different constructions, that construction would be adopted which is in harmony with the general policy of the Commonwealth, and decisive language would be necessary to show a purpose in the Legislature to change such policy; and ordinarily, if the language of the statute was susceptible of a construction consistent with the rules of the common law, and of another construction in derogation of the principles

of the common law, in the absence of any controlling facts, that would be deemed to be the true construction which was in harmony with the common law.

It is scarcely necessary to say that within the last fifty years very great changes have been made respecting the rights and the disabilities of married women. If, in the early stages of such legislation, it could be said that the enlargement of a right or the removal of a disability was to be construed strictly, because in derogation of the common law, such a proposition could scarcely be maintained at the present time. Even if it cannot now be said that the policy of the Commonwealth is in this respect entirely changed, so that the rights which a married woman shall possess are to be construed liberally, upon the presumption that she has all the rights of a feme sole, except such as are withheld from her by special provision, we certainly are not prepared to say that the same rules of construction should be acted upon now which were properly regarded when the common-law disabilities of married women began to be removed; and we are at least authorized to regard the language used by the Legislature when applied to married women, as we would regard it when applied to other persons.

The Gen. Sts. *c.* 85, § 1, provide, that, if the loser of money at gaming does not sue for and recover the money or other things lost within three months after the loss, " any other person may sue for and recover treble the value thereof in an action of tort." There is no limit in words in reference to the other person who may sue; and if the language must be construed as meaning any person not under legal disability, such qualification could of course have no application to one after the disability is removed; and the question is not whether there was a disability at the time of the enactment of the General Statutes, but whether there is any disability at the time the suit is brought.

It is said, however, that, in any view of the statute, married women have no rights in contract except in relation to their own separate property, nor in torts except in relation to their personal wrongs. But this is merely *petitio principii.* It does not determine what is a right of property, nor what is a personal wrong.

The initial step by which a married woman seeks to acquire property is a step in relation to her own property, although she

is not possessed of a farthing's value of property. A woman takes a bond for a deed; she may borrow money to advance toward the consideration of the deed, and give her promissory note for that money; or she may give her promissory note in payment for the land; or she may receive a deed and make a mortgage back simultaneously with the deed; and these are all transactions in relation to her separate property. *Ames* v. *Foster*, 3 Allen, 541. *Chapman* v. *Foster*, 6 Allen, 136. *Stewart* v. *Jenkins*, 6 Allen, 300. *Estabrook* v. *Earle*, 97 Mass. 302. See also *Parker* v. *Kane*, 4 Allen, 346; *Basford* v. *Pearson*, 7 Allen, 504.

We cannot doubt, therefore, that the statute, by the phrase "any other person," includes married women. There seems no reason why the initial step by which a married woman is to become possessed of property, of which she is to have the sole benefit and control, should be limited to any particular mode. Whatever property she acquires as the result of an action of tort is as completely and effectually her own sole and separate property as that which is acquired by her in any other mode, whether by bargain and sale or by any other contract.

A very satisfactory, perhaps conclusive, test of the correctness of this construction of the statute may be thus presented: there is no question but that a married woman may keep a boarding-house on her own account, or that she may, in her own right, own a house and occupy the same; thus owning and occupying a house of either description, she may have entire and absolute control of it, and in such house there may be gaming with her knowledge or consent; and there can be no doubt that, under the provisions of the Gen. Sts. *c.* 85, § 2, she would be liable for money lost at gaming in her house, with her knowledge or consent, in the same manner as the winner; and that such liability would be a sole liability, for which an action could be brought against her under the St. of 1871, *c.* 312.

*Exceptions overruled.*