WILLIE I. COLE *vs.* CHARLES J. GROVES & another.

Suffolk. March 9. — 12, 1883. DEVENS & W. ALLEN, JJ., absent.

Section 1 of the Gen. Sts. *c.* 85, so far as it authorizes a third person to recover treble the value of money lost by gaming, is a penal statute; and by the Gen. Sts. *c.* 155, § 20, an action by such third person is barred, if not brought within one year after the date of the loss.

The answer to a declaration, under the Gen. Sts. *c.* 85, § 1, in three counts, averred that " the cause of action, the alleged offence mentioned in the plaintiff's declaration, was not committed within one year before the suing out of the plaintiff's writ, wherefore he. cannot maintain his said action." *Held*, that, even if the declaration set out more than one cause of action, the statute of limitations, Gen. Sts. *c.* 155, § 20, was properly pleaded.

TORT. Writ dated September 19, 1881. The declaration contained three counts. The first count alleged that, on or about August 7, 1880, one Henry G. Cole played at cards in à certain building in Boston, and lost by said playing at cards the sum of $1060, and paid to the defendants said sum; that said Cole neglected to, and did not, within three months after said loss, without covin or collusion, prosecute the defendants with effect for said money lost as aforesaid; and that the plaintiff was entitled . to recover treble the value of the money so lost. The second and third counts were similar, except that they respectively alleged that the defendants were the owners, and the tenants and occupants, of the building where the money was so lost. The answer contained a general denial, and also the following: " And the defendants further answering say that the cause of action, the alleged offence mentioned in the plaintiff's declaration, was not committed within one year before the suing out of the plaintiff's writ, wherefore he cannot maintain his said action."

Trial in the Superior Court, before *Mason,* J., who allowed a bill of exceptions, which, after stating that the pleadings formed part thereof, was, in substance, as follows:

The plaintiff introduced evidence to show that, on August 6 and 7, 1880, Henry G. Cole lost to the defendants, by playing at cards, the sum of $1060.41. After the plaintiff had introduced his testimony, and all evidence in the case had been put. in, the defendants requested the judge to rule that the action could not be maintained, because it was not begun within one

year after the date of the loss of said money, as required by the Gen. Sts. *c*. 155, § 20. The judge refused so to rule. The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*A. Russ*, for the defendants.

*H. E. Swasey & G. R. Swasey*, for the plaintiff.

COLBURN, J. We have no doubt that § 1 of the Gen. Sts. *c*. 85, (Pub. Sts. *c*. 99, § 1,) under which this action is brought, so far as it authorizes a third person to recover three times the sum of money or value of goods lost by gaming, is a penal statute; or that the Gen. Sts. *c*. 155, § 20, (Pub. Sts. *c*. 197, § 4,) apply to this action. *Read* v. *Stewart*, 129 Mass. 407. *Cumberland & Oxford Canal* v. *Hitchings*, 57 Maine, 146. A right of action is given to the loser to recover the money or value of the goods lost, but his right of action is limited to three months, and is remedial. After the expiration of that time, all right of action in the loser is gone, and a right of action accrues to any third person who may choose to sue for the penalty; but this action must be brought within one year next after the offence is committed, which, in this case, was the winning and receiving the money. *Plummer* v. *Gray*, 8 Gray, 243. *Barnicoat* v. *Folling*, 3 Gray, 134. We are of opinion that the statute of limitations was properly pleaded to all the causes of action, if there was more than one set out in the plaintiff's declaration.

We do not understand from the bill of exceptions that there was any contest that the money was lost on August 6 and 7, 1880, or that there was any evidence which could have warranted the jury in finding that the loss occurred at any other time; and, as the action was not brought until September 19, 1881, we think the jury should have been instructed that the action could not be maintained.          *Exceptions sustained.*