NATHAN FRENCH *vs.* OTIS MARSHALL.

Middlesex.   Jan. 14. — Feb. 29, 1884.   C. ALLEN & HOLMES, JJ., absent.

The right of action of a minor to recover, under the Gen. Sts. *c.* 85, § 1, the amount of money lost by him by gaming, expires at the end of three months from the time of the loss.

If a minor fails, without covin or collusion, to prosecute an action, within the time limited, to recover, under the Gen. Sts. *c.* 85, § 1, the amount of money lost by him by gaming, his guardian may in his own name maintain an action to recover treble the amount so lost, without regard to the question whether he knew of the loss within three months of its date.

TORT, under the Gen. Sts. *c.* 85, § 1, to recover treble the amount of money alleged to have been lost by playing at cards, and paid by one Robert W. Kilpatrick to the defendant, on September 23, October 24, and November 4, 1881. Writ dated February 16, 1882. Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff introduced evidence tending to show that Kilpatrick lost certain sums of money to the defendant, by playing at cards on the days above named.

It appeared that Kilpatrick, until March, 1883, was a minor under the age of twenty-one years; and that the plaintiff was his legally appointed guardian.

The evidence was conflicting as to when the plaintiff was first informed of the losses of Kilpatrick; there being evidence tending to show that he first knew of the losses early in December, 1881, and other evidence tending to show that he first heard of the losses in the latter part of January, 1882.

The defendant requested the judge to rule that, if the jury found that Kilpatrick was a minor when this action was brought,

his right, as loser, to an action of contract to recover would not be barred until three months after he became of the age of twenty-one years. The judge declined so to rule, and instructed the jury as follows: " The plaintiff may sue and recover in this action, no other objection existing to a recovery, if the loser of the money, though a minor, did not, without covin or collusion, prosecute with effect for such money within three months after the loss thereof, and this action was brought after the expiration of said three months."

The defendant also asked the judge to rule, that, if the jury found that the plaintiff knew of the alleged losses within three months of their date, this action could not be maintained, because the plaintiff had a right of action in contract as guardian ; and that the not prosecuting such action for the benefit of his ward was evidence of collusion under the statute. The judge refused so to rule, and instructed the jury as follows : " The plaintiff as guardian of Kilpatrick was authorized to demand and sue for all debts due to his ward, and to appear for and represent him in all legal suits and proceedings; and if the plaintiff, as guardian, failed or neglected to do his duty or exercise his authority in respect to the recovery of the money in question, lost by his ward at play, in an action of contract on the part of the ward, such conduct on the part of the plaintiff may be considered by the jury on the question of the existence of the covin or collusion mentioned in the statute between the plaintiff and the loser of the money."

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*W. E. Boynton*, for the defendant.

*A. Cottrell*, for the plaintiff.

FIELD, J.   The infant's right of action, as loser of the money, to recover what he had lost, expired at the end of three months from the time of the loss. *Babcock* v. *Thompson*, 3 Pick. 446. *Plummer* v. *Gray*, 8 Gray, 243. *Low* v. *Blanchard*, 116 Mass. 272. *Cole* v. *Groves*, 134 Mass. 471. Gen. Sts. *c.* 85, § 1. Pub. Sts. *c.* 99, § 1.

This action of the loser of the money is not within the provision of the Pub. Sts. *c.* 197, § 9. Gen. Sts. *c.* 155, § 6. It is not an action for a penalty, and is an action specially limited by

law, and is within the provisions of the Gen. Sts. *c.* 155, § 22. Pub. Sts. *c.* 197, § 22.

The guardian is another person than the infant, and his action is for a penalty. *Cole* v. *Groves, ubi supra. Read* v. *Stewart,* 129 Mass. 407.

We considered in *Cole* v. *Applebury, ante,* 525, the meaning of the words " without covin or collusion," in the Gen. Sts. *c.* 85, § 1; and held that they mean covin or collusion between the loser and the winner, whereby a collusive suit is brought by the loser against the winner within the three months, in order that after three months no other person may sue for the penalty, and that they do not mean covin or collusion between the loser and another person, whereby the loser neglects to bring his suit within the three months in order that the other person may have his action for the penalty.

It is the duty of a guardian to " demand, sue for, and receive all debts due to " the ward; " and he shall appear for and represent his ward in all legal suits and proceedings, unless another person is appointed for that purpose as guardian *ad litem* or next friend." Pub. Sts. *c.* 139, § 29. Gen. Sts. *c.* 109, § 18. The suit must be brought in the name of the ward, as the guardian has merely a naked power, not coupled with an interest, and the ward may sue by any next friend whom the court may appoint, or permit to act. *Hicks* v. *Chapman,* 10 Allen, 463. *Jennings* v. *Collins,* 99 Mass. 29.

If a guardian brings a suit in the name of his ward, he is not as guardian, or next friend, liable for costs; but if the suit is unsuccessful, the ward is so liable, and they may be collected out of the ward's estate. It follows, that a guardian should not bring groundless, or speculative, or imprudent suits. It seems that, if he acted discreetly in bringing the suit, he should be allowed out of the ward's estate his necessary expenses. It is not his duty to advance money, if the ward has no estate, in order to bring and carry on a suit for the ward.

If the guardian knew, within the three months, of the losses of his ward by gaming, whether he neglected his duty in not bringing suit therefor, in the name of his ward, can, as between the guardian and ward, be determined on the settlement of his accounts, and he can be charged with all losses to the ward's

estate occasioned by the neglect of his duty as guardian; but in no event will the penalty he recovers in this action belong to the estate of the ward. It is not the ward's suit.

For the reasons given in *Cole* v. *Applebury, ubi supra,* the entry must be *Exceptions overruled.*