MARY L. BURKE & others *vs.* CHRISTOPHER BURKE.

Middlesex.    January 14, 1898. — March 14, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Deed of Collector of Taxes — Evidence — Statute — Guardian — Next Friend.*

When one seeks to show that the title of another has passed to himself by virtue of statutory proceedings, he cannot prevail without proving that everything has been done which the statute calls for as a condition precedent to the transfer of the property.

A deed of a collector of taxes is not evidence of the truth of the recitals contained in it, or of the legality of the preliminary proceedings on which the sale purports to be founded. The facts which are essential to the validity of the sale must be proved *aliunde.*

Under Pub. Sts. c. 139, § 29, a suit may be brought in the name of an infant as well by his guardian as by his next friend.

WRIT OF ENTRY, to recover possession of a parcel of land in Somerville. Plea, *nul disseisin.* Trial in the Superior Court, before *Wardwell,* J., who directed the jury to return a

verdict for the demandants; and the tenant alleged exceptions, which appear in the opinion.

*J. Cummings,* (*M. F. Farrell* with him,) for the tenant.

*L. R. Wentworth,* for the demandants.

KNOWLTON, J.  The demandants show a title which was good unless their estate passed to the tenant under his deed from the collector of taxes.  This deed was in the form required by the statute, and, as there was a failure to redeem from the sale, it gave the tenant a good title if it was founded on proper preliminary proceedings, and if the recitals in it were true.  The tenant introduced no evidence to support it, but rested on the deed alone.

When one seeks to show that the title of another has passed to himself by virtue of statutory proceedings, he cannot prevail without proving that everything has been done which the statute calls for as a condition precedent to the transfer of the property.  A deed of a collector of taxes is not evidence of the truth of the recitals contained in it, nor of the legality of the preliminary proceedings on which the sale purports to be founded.  The facts which are essential to the validity of the sale must be proved *aliunde.  Alvord* v. *Collin,* 20 Pick. 418.  *Knowlton* v. *Moore,* 136 Mass. 32.  *Williams* v. *Peyton,* 4 Wheat. 77.  *Phillips* v. *Phillips,* 40 Maine, 160.  *Brown* v. *Wright,* 17 Vt. 97. *Polk* v. *Rose,* 25 Md. 153.  Black, Tax Titles, (2d ed.) §§ 443, 444.  The tenant failed to answer effectively the proof introduced by the demandants, and the demandants were entitled to a verdict.

The demandants are minors, and the writ, after giving their names and residences, adds the words, " who bring this action by their guardian, Mary E. Burke."  The bill of exceptions shows that Mary E. Burke was appointed their guardian by the Probate Court.  The tenant argues that the action cannot be maintained because they did not sue by their next friend.  The question thus raised does not appear to have been brought to the attention of the judge at the trial.  If it is now open to the tenant, it is under his request to rule that, " upon all the evidence, the demandants have not made out a case, and the jury should be directed to return a verdict for the tenant."  If we treat the question as open, it does not appear that there was any error.

It is generally said that an infant should defend by guardian and sue by his next friend. A *prochein ami* is to represent the interest of the infant; and theoretically, although not often formally, he is appointed by the court. Accordingly, he is always subject to removal by the court. *Guild* v. *Cranston*, 8 Cush. 506. *Burnham* v. *Seaverns*, 101 Mass. 360. *Bradford* v. *French*, 110 Mass. 365. *Tripp* v. *Gifford*, 155 Mass. 109. *Gray* v. *Parke*, 155 Mass. 433. 10 Am. & Eng. Encyc. of Law, 680–682.

In *Deford* v. *State*, 30 Md. 179, 199, is this language : " By the common law infants could sue or defend only by guardian. It was by the Statute of Westminster 1, c. 48, that they were authorized to sue by *prochein ami* in an assize ; and by the Statute of Westminster 2, c. 15, that they were authorized so to sue in all other actions. And, according to Lord Coke, since these statutes an infant shall sue by *prochein ami*, and defend by guardian. 2 Inst. 261, 390. Co. Litt. 135 b. And Fitzherbert, in the N. B. (27) H, lays it down that ' An infant shall sue by *prochein ami* ; but if the infant be defendant in any action, he shall make his defence by guardian and not by *prochein ami*.' Mr. Hargrave thinks it probable, however, that neither Fitzherbert nor Lord Coke designed to be understood as excluding the election to sue either by *prochein ami* or by guardian ; and in accordance with this suggestion have been the decisions, and the established practice. 2 Wms. Saund. (5th ed.) 117, f. (1). 1 Tidd's Prac. 99."

In some States a suit by guardian has been permitted under the common law, and in some under a statute. In this Commonwealth we have a statutory provision that every guardian " shall appear for and represent his ward in all legal suits and proceedings, unless another person is appointed for that purpose as guardian *ad litem* or next friend." Pub. Sts. c. 139, § 29. So far as we are aware, the extent of the authority given by this statute never has been judicially determined. In one case in which it appeared that minors had a statutory guardian, it was said that they should sue by next friend. *Jennings* v. *Collins*, 99 Mass. 29. In other cases there is language which seems to imply that a suit may be brought in an infant's name by his guardian. *Miles* v. *Boyden*, 3 Pick. 213, 219. *Hicks* v. *Chapman*, 10 Allen, 463, 464. *French* v. *Marshall*, 136 Mass. 564. *Lombard* v. *Morse*, 155 Mass. 136.

Ordinarily, a guardian appointed by the Probate Court is the fittest person to represent his ward in bringing a suit. If he brings a suit, there is no good reason why he may not act in the capacity of guardian as well as in that of next friend. The language which we have quoted from the statute implies that he may act in cases in which another person might be appointed to represent the infant as next friend, namely, when suits are to be brought.

We are of opinion that, under this statute, a suit may be brought in the name of an infant as well by his guardian as by his next friend.          *Exceptions overruled.*