AMOS SHRIVER, Guardian of MICHAEL SHRIVER of Unsound Mind, Appellant, v. J. B. FRAWLEY, J. C. ENGELBERT, Appellees.

**Attachment:** SUFFICIENCY OF EVIDENCE. In this action upon promissory notes aided by attachment, the question of whether defendant fraudulently conveyed his property for the purpose of defeating a creditor was for the jury.

**Same:** ACTION BY GUARDIAN: EXEMPLARY DAMAGES. Exemplary damages for the wrongful issuance of an attachment at the suit of a guardian are not allowable against the ward.

**Same:** PREJUDICE. Where exemplary damages were erroneously allowed and it cannot be determined what the actual damages were, the error was prejudicial.

**Same:** WRONGFUL ATTACHMENT: DAMAGES: EVIDENCE. Where the defendant in attachment specified the items of damage for wrongful issuance of the writ, but did not include therein any claim for lost time, evidence in support of such claim was not admissible.

**Same:** INTEREST. Where funds due the defendant are wrongfully held under garnishment proceedings, interest thereon for such time is an element of damage.

**Same:** EVIDENCE: INSTRUCTIONS. Where the court instructed on a counter claim for wrongful attachment that a question of tender was for the court, further instruction that the jury should not consider the evidence on that subject in determining whether the attachment was wrongful might properly have been given, but in view of the other instructions in the instant case its refusal was not prejudicial error.

Same: FINDING OF COURT: HARMLESS ERROR. Any error in a finding of
7    the court as to the sufficiency of a tender of the amount due on
     promissory notes, which was not stated to the jury, was not preju-
     dicial to plaintiff on appeal from the verdict on defendant's counter
     claim for the wrongful issuance of an attachment.

*Appeal from Iowa District Court.*—HON. R. P. HOWELL,
Judge.

TUESDAY, NOVEMBER 24, 1914.

ACTION on notes, aided by attachment, with counterclaim
against the attachment bond. From a verdict and judgment
on the counterclaim, allowed against the amount due on the
notes, the plaintiff appeals.—*Reversed.*

*J. M. Dower,* for appellant.

No appearance for appellee.

WITHROW, J.—I. As the guardian of Michael Shriver,
the plaintiff brought suit on three promissory notes for $500
each, payable to his ward. The notes were payable on Sep-
tember 14, 1911, 1912, and 1913, respectively, drawing 7 per
cent. interest, with provision for attorney's fees, and 8 per
cent. interest on principal after due and unpaid interest.
This action was commenced August 3, 1912, aided by attach-
ment, directed against J. B. Frawley, one of the makers of the
notes, and J. C. Engelbert, to whom Frawley a few days
before the commencement of the suit had made conveyance
of his real estate—two hundred and forty acres—for the ex-
pressed consideration of $11,000; it being charged as a basis
for the attachment that Frawley had conveyed his property
with intent to defraud his creditors, and that Engelbert at
the time of taking the conveyance had knowledge of such
fraudulent intent of Frawley.

The defendant Engelbert for answer pleaded a general denial, that he purchased the land for a valuable consideration, and admitted the ownership of the notes in Shriver. By way of counterclaim he asked damages, actual and exemplary, on the attachment bond, alleging that the attachment was maliciously and wrongfully sued out.

The defendant Frawley in his answer admitted the execution of the notes, claimed that he signed them as surety, and that as to him they were without consideration. He alleged that the deed to Engelbert was for a valuable consideration, and denied any fraudulent intent on his part in making such conveyance. He also pleaded a tender on October 11, 1912, of the amount then due on the notes in suit with costs; that he offered the money to plaintiff's attorney, who refused it, and to the clerk of the court, who, under direction of plaintiff's attorney, also refused to receive it. For a counterclaim he alleged that the attachment in the case was wrongfully and maliciously brought, and asked actual and exemplary damages. The basis of his claim for actual damages, as pleaded, was that he was humiliated and harassed by the wrongful acts of the plaintiff; that his credit was impaired by the attachment proceeding; that he was prevented from disposing of live stock and grain taken under the attachment; that he was deprived of the use of money due him held by garnishment, and that he was compelled to employ attorneys to defend himself and his property against the attachment proceeding.

In reply the plaintiff denied the refusal of the tender, and made no objection to a deposit with the clerk of such amount as defendant Frawley desired to then make. He also pleaded that he was acting in a representative capacity in bringing the suit, and that his ward's property could not be held liable for exemplary damages, and pleaded advice of counsel in commencing the suit.

On January 8, 1913, a memorandum of tender of $1,272.62 was filed, at the same time such amount being deposited with

the clerk. This was done, as stated in the memorandum, to make good the tender of October 11, 1912, which it is claimed was then refused.

There was a trial to a jury. The trial court instructed that plaintiff was entitled to recover the amount due on the three notes, determined by it to be $1,822.17. The issues raised in the attachment branch of the proceeding were submitted, resulting in a verdict in favor of Frawley for $100 on the attachment bond, and no allowance was made on the claim of Engelbert. The trial court after the return of the verdict made an allowance of $250 attorney's fees to Frawley, and entered judgment in favor of plaintiff against Frawley for $1,427.17, being the amount found due on the notes, less the damages awarded and attorney's fees allowed. From this judgment the plaintiff appeals.

II. The trial court held the burden of proof under the pleadings to be on the defendant. At the conclusion of the evidence introduced on their part the plaintiff moved for a directed verdict for the amount due on the notes on the ground that there was no evidence that the plaintiff wrongfully and unlawfully procured the issuance of the attachment, and also that no proper proof of damages had been made. This motion was overruled, and was again submitted at the close of all the evidence, with like ruling. Error is charged in this respect. Without in detail reciting the evidence, it is enough to say that the record shows conveyances and incumbrances by Frawley shortly before the commencement of the action, a considerable indebtedness by him, the conveyance of the real estate being for a consideration less than its value, the amount varying with the testimony of witnesses as to the actual value of the land. In his petition, in order to charge Engelbert, the plaintiff pleaded knowledge by him of the alleged fraudulent intent of Frawley; and while this was not necessary to establish a cause of action against Frawley, as the proceeding was not one to set aside the conveyance, but

1. ATTACHMENT: sufficiency of evidence.

to hold the land in Engelbert's possession as trustee for the creditors to the extent at least of the equity above the actual consideration, we conclude that under all the evidence there was no error in denying the motion. Engelbert had been compelled to defend, there was some evidence of damage, and the motion of plaintiff for a directed verdict reached to the counterclaims of both defendants. Nor can we say as a matter of law that there was no proof by the defendant Frawley, upon whom was the burden as to that issue, that the transactions which were assailed were free from fraud, or that plaintiff had reasonable grounds for believing that which he charged as the ground of attachment. The question was one to be determined by the jury.

III. In the motion to direct a verdict was a request to withdraw from the jury the question of exemplary damages. The motion was to determine the entire cause of action on the counterclaim, rather than an element 2. SAME: action by guardian: which did not reach to the whole case, and, exemplary damages. technically, the refusal to sustain it was not .error. But the same question was raised by an offered instruction, and in the given instructions the right to recover exemplary damages was allowed. This was error. It was admitted that the plaintiff sued as guardian, on notes payable to his ward, who was of unsound mind. In permitting exemplary damages to be allowed by way of punishment, there was charged to the ward, who was in no way responsible for it, nor could he be, the wrongful act of his guardian. This could not properly be done. *Burnham v. Seaverns,* 101 Mass. 360 (100 Am. Dec. 123). In principle see *Sheik v. Hobson, Adm'r,* 64 Iowa, 146; 7 Am. & Eng. Enc. 477; 13 Cyc.

From the verdict returned, and considering the evidence tending to show actual damages, it is, we think, apparent that the amount of the verdict was largely intended to cover exemplary damages, in view of a special finding 3. SAME: prejudice. that the action was maliciously brought; and, as it cannot be determined what amount was allowed as actual damages, the error was prejudicial.

IV. In the instructions the trial court allowed recovery as damages for the value of time lost by Frawley because of the attachment proceeding. Evidence of such was admitted over objections. The pleading of damages was, as we have noted, particular as to the elements and did not include any claim for the value of lost time. Having definitely pleaded the various elements of damage, it cannot be said that it was the duty of plaintiff by motion for more specific statement to require that the claim be more certainly pleaded, but he had the right to rely upon that which was alleged by the defendant as the items of his claim. There was error in admitting the evidence of value of time lost, and in permitting recovery for it.

*4. SAME: wrongful attachment: damages: evidence.*

V. It is urged that there was no proof of damages authorizing the submission of the case. It appears that certain funds due Frawley from the transaction between himself and Engelbert were held under garnishment, and also that but for such they would have been applied to his indebtedness, saving interest. It is claimed by appellant that this fund was held to apply on the notes in suit; but whether so held or not, it was not nor could not be so applied while held under the writ. There was no error in permitting interest on that sum to be considered as an element of damage.

*5. SAME: interest.*

VI. The trial court instructed the jury that the question of tender was not for them to determine, but for the court; and later in a special finding held the tender to have been sufficient. The plaintiff asked an instruction to the effect that the jury should not take into consideration any evidence as to the tender, in determining whether the attachment was wrongfully sued out. This instruction was refused, and error is charged. In the light of other instructions we do not find that this refusal resulted in prejudicial error requiring a reversal on that alone, although it might well have been given. As the cause must be again tried, we think it proper to say

*6. SAME: evidence: instructions.*

that an instruction covering that thought should be included in the charge to the jury, separating it as an act from the events which preceded and followed it.

VII. The holding of the trial court that the tender was sufficient is challenged. That finding was not stated to the jury, and therefore had no influence upon their verdict, and even though erroneous, as charged, worked no prejudice in the case, excepting, possibly, as to the allowance of costs which were apportioned, one-half being taxed to plaintiff, the appellant. The question of the amount due and right of recovery on the notes was taken from the jury and determined by the court. The full amount was allowed subject to the deduction of the amount of the verdict and the attorney's fees. While there may be some question as to the sufficiency of the tender, depending upon whether the attorney's fees provided for by the notes should be taxed as upon the full amount of the indebtedness, the notes having all been given at one time, or upon each note separately, we do not find it necessary, under this record, to here determine the question, as it cannot properly have bearing upon the counterclaim.

7. SAME: finding of court: harmless error.

VIII. It is claimed that the allowance of attorney's fees as a part of the damages is excessive. The trial court fixed the allowance after the coming in of the verdict, and without proof. Later, upon demand of plaintiff, proof was offered upon that question, and the amount originally allowed was adhered to. It had support in the evidence, and we are not inclined to disturb it. As it is a part of the general judgment, and as the cause including that element must be retried, it is unnecessary to further comment upon it.

IX. Other errors charged need not be considered. They largely inhere in the questions already determined. The judgment of the trial court is—*Reversed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concurring.